Ruffin, C. J.
 

 This court has so frequently had occasion to declare, that the power resides in every court to amend the entry on its minutes,
 
 or the record of its orders
 
 and judgments,
 
 nunc pro tunc,
 
 and that no other court could incidentally question the verity of the record as amended, that we supposed the point would be no more made. We must take the record as it is, because duly certified to us, and we are not at liberty to enquire, how it came to be as it is.
 

 
 *205
 
 We think it does sufficiently appear upon the minutes and bond taken together; that King was elected, admitted, and sworn into office as constable.
 
 Fullenwider's case,
 
 4 Ired. 364, shews that the entry, “ it appearing to the court that said King was duly elected, according to law,” must be understood to mean, that he had been elected by the legal popular vote; and it is necessarily to be inferred, that he was sworn into the office of constable to which he had been thus elected.
 

 We believe, however, that the remaining objection, as the case now appears, ought to hate been sustained. For the plaintiff’s reliance is placed, oh this point,on the act of the last session of the assembly, 1844, c. 38; which enacts, that all bonds, which have been taken by any court1 from one admitted into the office of constable, shall be goodand it is supposed that thereby the objection to the sufficiency of the delivery or acceptance to the bond is removed. Upon that ground, we would willingly support this bond, if we could; as may be seen from our judgment in
 
 Pool's case
 
 decided at the present term,
 
 ante p.
 
 But the question still remains, whether this bond was
 
 "
 
 taken by any court,” as required by the act of 1844? We think it does not so'appear from the record that was read in evidence; because if does not set forth that the court was held by three persons of more,- who were’ justices. In
 
 Ludlow's case,
 
 Cro. Eliz. 738, a presentment in the quarter sessions was
 
 quashed
 
 upon certiorari, beeausé if did not state the justices, before whom it was taken. It would5 seem, that every record must set forth before what person or persons the proceedings were had, and by whose authority that record was made. Sergeant Hawkins, Cr. L. B. 2, c. 255, s. 23, states that it seems generally agreed, that if the caption of an indictment, at a sessions of the peace, do not mention before whom it was holden, or if it set it forth generally, as holden before justices of the peace without naming them, it is insufficient ; and for that he cites
 
 Ludlow's case,
 
 and several other adjudications, which, we find, fully support him. The objection, when taken in the cases of
 
 Lewis,
 
 3 Hawks. 410, and Kimbrough, 2 Dev. 431, was over-ruled, not because it was
 
 *206
 
 deemed untenable in law, but because it was untrue in point of fact. There the records shewed, that the court was held by a gentleman, whom this court knew
 
 ex officio to
 
 be a judge of the Superior Courts of Law, being the courts of the highest criminal jurisdiction in the State. Therefore the court held, that the record was sufficient in stating his presence, without setting forth his office. But it is plain, it was thought necessary, that it should be, at least, stated, that the Court was held by one that was a Judge of the court, although it need not set out that he was such Judge, as that was otherwise sufficiently known. Now, by law, three justices of the County Court at least are requisite to constitute a court, Rev. St. c. 31, s. 5; and therefore, it must appear by the record they keep of their proceedings, that such number was present. If it be said, that here the record purports to be the memorial of the acts of Cherokee
 
 County
 
 Court, and that, as three justices are necessary to form
 
 a
 
 Court, the implication is a fair, if not a necessary, one, that such court was held by three justices; the answer is, that still it must appear, that there were three justices, in order that we may see that the record was reall y made up under the authority of those who were competent to make it or have it made. It is arguing in a circle, when it is said, there were three justices, because the record says, it is the record of
 
 the
 
 Court; for it must first be seen who made the record, before we can tell whether it be the record of the court or not. We, therefore, think the judgment erroneous, and that it must be reversed. We, however, give this judgment very reluctantly, because we are almost sure that enough does, in fact, appear on the record of the County Court to sustain the proceeding in that court. The case sent here confines the statement of the record to the entries
 
 on the day on which King qualified,
 
 as if that were conclusive on the point. But it is not. The court is but one court, from beginning to end, and the term but the first day, though actually lasting through several ; and the adjournments are nothing in this respect, whether stated or admitted of record,
 
 State
 
 v. Martin, 2 Ired. 101, and so also in the period of doing any act in the term, un
 
 *207
 
 less the law require it to be done at a particular time; and the number of justices present beyond three is immaterial, unless a certain number be requisite on special occasions.
 
 Foster
 
 v. Deans, 4 Hawks, 299. We have never known the clerks of the County Courts so extremely ignorant or negligent, as not to set forth, at least, the names of the justices before whom the court was begun for the term; and we have but little doubt, that as much as that appears on the minutes of the term in question. If so, that would have done; for by intendment of law, for the purpose of sustaining any act appearing to have been done during the term, those persons held the court until it appear that others sat with them, or took their place; and, in making up the record in each case, it may, with propriety, be stated that the court was held before them. However, that is matter for the next trial, when it will be seen how the fact, in that respect, is.
 

 Per Curiam, . Judgment reversed, and
 
 venire de novo.