Pearson, J.
 

 The question, as to the record of the County Court, is settled,
 
 State
 
 v.
 
 King,
 
 5 Ire. 203. It is the duty of every Court to make its own record; no other Court can indirectly examine into the manner in which it is made. Hence the transcript should not notice the order of amendment, but simply set out the record, as made by the Court.
 

 The note in question is for seventy dollars, due 27th October, 1840, payable to N. S. Jarratt, in current
 
 bank notes.
 
 It is insisted, that it is not within the jurisdiction of a single justice, and therefore the defendants are not liable.
 

 Bank notes are not money. They pass as cash, and constitute a part of the circulating medium. We concur with the decision in
 
 Miller and Race,
 
 1 Burr. 352, that the
 
 bona fide
 
 holder of a bank note is entitled to it, against the former owner, from whom it has been stolen. We also concur with the decision in
 
 Anderson
 
 v.
 
 Hawkins,
 
 3 Hawks 568, that, for many purposes, bank notes are to be considered as money ; they are to be so considered, whenever the parties consent, by receiving them as such or otherwise, so to treat them.
 
 Pickard
 
 v.
 
 Burks,
 
 13 East 20.
 
 Id simile non est idem.
 
 Although a bank note passes as cash, it is not cash ; and it is not a legal tender. In this case the parties have done no act, indicating that they considered bank notes as money. By stipulating that the payment might be made in bank notes, it is ap* parent that they were not so considered. If the note had been a promise to pay seven ten dollar bank notes, or to pay seventy dollars worth of bank notes, upon failure the action would be debt for specific articles, or case for
 
 *61
 
 breach of contract, and a single justice would not have jurisdiction. But the note being a promise to pay seventy dollars on a given day, with the privilege of paying in current bank notes, the party must avail , himself of the privilege, at the time the note falls due ; otherwise it is, a note for seventy dollars. It is true the note is not negotiable, because it is not a simple promissory note, within the statute, making such notes negotiable, like inland bills of exchange under the law merchant. But it is still such a promise for money, as will support an action of debt before a single justice.
 

 The third objection, that the action should have been upon the relation of Jarratt and not of Dowdle is settled.
 
 Holcombe
 
 v.
 
 Franklin,
 
 4 Hawks 274,
 
 State
 
 v.
 
 Lightfoot, 2
 
 Ire. 310. The contract was made with Dowdle, and he was the proper relator.
 

 Per Curiam.
 

 Judgment affirmed.