SUSAN PACE *v.* P. P. PACE, Adm'r., &c., of MARY VADEN.

A devised as follows: "I give and bequeath to my executor, &c., in trust for, the use and support, &c., all my stock, &c.; and none of the above named money or property to be subject to the disposal or debts of the said, &c.: *Held*, that as the property and money was not limited over in case of disposal, the prohibition against disposing of the same was void.

Where B agreed to act as agent and settle the estate of the testator without letters of administration, and C agreed to support D, provided she would assign her life interest in the notes and money bequeathed in trust for her by the testator, to certain parties mentioned in the will, and in pursuance of this agreement D did assign her interest: *Held*, that as to B, the consideration was unlawful, and as to C, it was too vague and indefinite to support the assignment; and that D was entitled to an account of the notes and money from B, who after the agreement took out letters of administration.

(The cases of *Dick* v. *Pitchford*, 1 Dev. & Bat. Eq. 480; *Mebane* v. *Mebane*, 4 Ired. Eq. 131, cited and approved.

CIVIL ACTION, in the nature of a special proceeding, to recover a legacy, tried at the January (Special) Term, 1875, of the Superior Court of WAKE County, before his Honor, *Judge Henry*.

The suit is brought against the defendant as the representative of Mary Vaden deceased, to recover a legacy, to-wit: the interest on all the money of said Mary Vaden, during the lives of the plaintiff and her husband Willis Pace, and the life of the survivor of them—the said Willis being dead at the commencement of this action.

The defendant pleaded that the plaintiff had released and assigned the said legacy to the persons to whom the money was given by the said will after the death of the plaintiff and her husband. Those thus taking were seven in number, as will appear from the following copy of said Mary Vaden's will, to-wit:

"In the name of God, amen: I, Mary Vaden, of the State of North Carolina, Wake county, being of sound and perfect mind and memory, Bless be God for the same! do, this 13th day of May, in the year of our Lord, 1862, make and publish this, my last will and testament, in manner following :

After paying all my just debts : First, I give and bequeath to my executor or executors hereafter mentioned, and their survivors, the following property, viz. : All my lands now belonging to me—one tract adjoining Jesse Bunch and William Parrish, and one other tract adjoining Benjamin Marriott and others, containing two hundred acres, more or less, in trust for the use and better support of Willis Pace and his wife, Susan Pace, during their life, or the survivor of them during life. And at their death my will and desire is that all the above named land, (say two hundred acres,) be equally divided between Willis Pace's three sons, share and share alike—that is, I give and bequeath the said land to Sidney T. Pace, Presley P. Pace and Wesley W. Pace, to them and their heirs forever.

I give and bequeath to Mazra J. Pace, one feather bed, stead and furniture.

I give and bequeath to Ann E. Pace, one feather bed, stead and furniture.

I give and bequeath to Burline L. Pace, one feather bed, stead and furniture.

I give and bequeath to Sidney T. Pace, one feather bed, stead and furniture.

I give and bequeath one feather bed, stead and furniture, to W. W. Pace.

I give and bequeath to my executor or executors hereafter mentioned, and their survivors, in trust for the use and support of Willis Pace and his wife Susan Pace, during their natural lives, all my stock of horses, cattle and hogs, and all my household and kitchen furniture, and one gig and harness, one cart and wheels, one side and one man's saddle, and all my farming utensils ; also all my money and notes, the interest of which, my will and desire is, may be applied to the support of the said

Willis Pace and wife, Susan Pace, during their lives; and none of the above named money and property to be subject to the disposal or debts of the said Willis or Susan Pace. And at the death of the said Willis Pace and wife, Susan Pace, or the survivor of them, my will and desire is, that his six daughters, viz.: Martha B. Bagwell, Phutha O. Bunch, Mary H. Pace, Mazra J. Pace, Anne E. Pace and Burline L. Pace, receive equal dividends, share and share alike, from my executor, all the money and notes then in hand, to them and their heirs forever. Also at the same time, my will and desire is, that the above named daughters, with the said Willis Pace's three sons, Sidney T. Pace, Presley P. Pace and Wesley W. Pace, making nine of them, receive, share and share alike, equal from my executor, all my stock of horses, cattle and hogs, household and kitchen furniture, and all other perishable estate, not above given away, to them and their heirs forever.

I do hereby nominate and appoint my friends Joseph Fowler, Jr., and Daniel Scarborough, executors to this my last will and testament.

In witness whereof," &c.

Issue being joined upon the pleadings in the Probate Court of Wake county, the case was carried up to the Superior Court for trial; and the following issues were submitted to a jury at the term before stated, to-wit:

(1.) Did Susan Pace execute a release of her interest in the estate of Mary Vaden, (except the land,) to those entitled according to the will?

(2.) Did Susan Pace sign an instrument relinquishing her interest in the estate of Mary Vaden, knowing at the time that she had an interest in the note and money of the estate?

(3.) Was the paper writing in question signed by Susan Pace; did she know its contents, and was it under seal?

It was in evidence that the plaintiff had executed and delivered a paper writing, purporting to be her relinquishment of her interest under the will of Mary Vaden, to the next kin

as named in said will, and that said paper writing had been lost.

Upon the question as to whether it was under seal, R. C. Badger, Esq., an attorney of the Court, was introduced as a witness, and testified, that said relinquishment or release had been exhibited to him as an attorney, by the defendant, and his counsel asked upon the effect; that he had advised him that the same was a valid release in law, of the legacy mentioned by the plaintiff to the parties aforesaid; but that he had no distinct recollection as to whether said paper was under seal or not. The counsel for the defendant then asked the witness whether he would have advised the defendant as aforesaid unless such relinquishment had been under seal. This question was objected to by the plaintiff, but admitted by the Court; and the witness stated that he would not so have advised had there not been a seal.

D. G. Fowle, Esq., another attorney of the Court, being sworn as a witness, stated that he had seen and had in his possession the paper writing, and had advised the defendant that it was a valid release, and that he would not have done so had it not been under seal.

It was in evidence that the executors under the will having renounced, P. P. Pace had agreed to act as agent to settle the estate; and that an agreement was drawn up and signed by all the parties authorizing him so to act. And that on the day of sale he refused to act further unless the plaintiff signed the release; and that all the parties signed the agreement above mentioned; that the paper was read over to plaintiff and she assented thereto, having previously executed and delivered it. It was in evidence also that W. W. Pace had agreed to support her, provided she executed the release.

The counsel for the plaintiff asked the Court to charge the jury that said instrument was not in law a release, but an attempted assignment of a chose in action. That in law no valid assignment could be made of such chose in action; and that the same could only be supported in equity when founded on a valuable consideration. In this case there was no evidence

of a valuable consideration, and they must find for the plaintiff. This prayer for instructions was refused by his Honor, and the plaintiff excepted.

Upon the issues submitted to them, the jury found :

1. That Susan Pace did execute a release of her interest in the estate of Mary Vaden, except the land, to those entitled under the will.

2. That Susan Pace did sign an instrument relinquishing her interest in said estate, knowing at the time that she had an interest in notes and money of said estate.

3. That the paper writing in question was signed by Susan Pace; that she knew its contents, and it was under seal.

Judgment was thereupon rendered against the plaintiff, who appealed.

*Smith & Strong, Pace* and *Lewis,* for appellant.
*Fowle* and *Bledsoe,* contra.

RODMAN, J. By will proved in 1863, one Mary Vaden gave to her executors certain personal chattels consisting of horses, furniture, &c., of small value, and also, all her money and notes, in trust for the support of Willis Pace, and of the plaintiff, Susan, his wife, for their lives and the life of the survivor. Willis Pace died soon thereafter, leaving the plaintiff surviving. The will continues: "And none of the above named money and property, to be subject to the disposal or debts of the said Willis or Susan Pace, and at the death of the said Willis and Susan, or the survivor of them, my will and desire is, (an immaterial repetition of words is here omitted,) that his six daughters, viz: Martha, &c., receive equal dividend, share and share alike, from my executor, all the money and notes then in hand to them and their heirs forever." The will then proceeds to give to the said daughters, and to the three sons of Willis, the horses, furniture, &c., after the death of Susan.

The executors appointed in the will renounced, and Presley P. Pace, the defendant, was appointed administrator with the

will annexed, in 1866 or 1867, and took possession of the property of the testatrix. The estate now in his hands consists mostly, or wholly, of a note for $750 or thereabouts. The complaint sets forth the above facts and prays for an account, &c.

The defendant resists an account, on the ground that the plaintiff released and assigned all her estate and interest under the will, (except in certain lands mentioned in it,) to the legatees in remainder. The answer, however, does not allege that there was any consideration for the release or assignment, or that they have ever made any claim under it.

The supposed assignment had been lost; but a jury found that such a writing had been executed. The right of the plaintiff to recover, turns on the validity and effect of this instrument.

Before considering that question, it will be convenient to dispose of a question of evidence which was raised upon the trial.

1. Badger and Fowle, two members of the bar to whom the assignment had been exhibited for the purpose of obtaining their opinions as to its effect, were permitted to testify against objection, that they did not remember whether or not the lost instrument had a seal, but they severally advised that it was valid, and thought they would not have given such advice, unless it had been given under seal. The jury found that the instrument was under seal. We do not know of any law which requires an assignment or surrender of an equitable estate in personal chattels, or in a chose in action, to be under seal. A seal to a contract at law, dispenses with proof of a consideration, but in equity it has no such effect.

The fact which the evidence tended to prove was an immaterial one, and as its admission could not prejudice the plaintiff, she is not entitled to a new trial whether it was in law competent or not.

2. The prohibition in the will of the disposal of their estates in the property, by the legatees for life, was void. It is settled

that by no form of words, can property be given to a man, or to another in trust for him, so that he shall not have a right to dispose of his estate in it, unless there be in the instrument of gift, a provision that upon an attempted alienation, it shall go over to some third person. *Dick* v. *Pitchford*, 1 D & B. Eq., 480. *Mebane* v. *Mebane*, 4 Ire. Eq., 131.

The plaintiff had the right to surrender or assign her estate.

3. The only remaining question is, did she do so by a valid and effectual conveyance? No doubt a person by a transaction *inter vivos* may *give* to another an equitable, as well as a legal estate, in property, without consideration, and if the conveyance be *executed*, so as to pass the estate, a Court of equity will support the title of the volunteer, and in the absence of fraud or imposition, will not permit the donor to revoke it, unless there be a clause reserving that right. 1 Story, Eq. Jur., s. 433, note 6, Id. s. 706, a. 973. *Kekewich* v. *Manning*, 1 De G. M. & G. 176, and cases cited in note.

We need not consider whether if a gift was intended in the present case it was so executed as to pass an absolute estate to the donors, because it is clear that a *gift* was not intended. The plaintiff certainly supposed that she was to receive a consideration, and that it was to her interest to execute the instrument. On this point the case reads as follows : "It was in evidence, that the executor under the will having renounced, P. P. Pace, had agreed to act as agent to settle the estate, and that an agreement was drawn up and signed by all the parties, authorizing (him) to do so, and that on the day of sale, he refused to act further, unless the plaintiff signed the release, and that all the parties signed the agreement above mentioned, and that the paper was read over to plaintiff and she assented thereto, having previously executed and delivered it. *It was in evidence, that W. W. Pace had agreed to support her, provided she executed the release.*" There was no issue submitted to the jury as to whether the plaintiff received a valuable consideration. The counsel for the plaintiff, however, requested the Court to instruct the jury, that the assignment was not

good unless founded on a valuable consideration, which his Honor refused to do: probably supposing, that a seal dispensed with the necessity of proof of a consideration. In this his Honor clearly erred.

Was there a sufficient consideration? The consideration divides itself into two parts:

1. The agreement by the defendant, P. P. Pace, to settle the estate as agent of the legatees, without taking out administration, which he agreed to do if plaintiff would execute the assignment. It was discovered afterwards, however, that he could not legally do this. Revised Code, chap. 46, sec. 14. It was contended for the plaintiff, that this part of the consideration was illegal and against public policy, and that where *a part of the consideration* is illegal, the contract founded thereon is void. Without considering whether that admitted doctrine would apply, when the intent to do the illegal act was never acted on, and was abandoned: it will suffice for the present purpose to say, that the agreement constituted no consideration for the assignment. It could not legally be, and was not in fact, acted on.

2. The second part of the supposed consideration was an agreement by W. W. Pace to support the plaintiff, provided she executed the release. Not only is this supposed agreement not stated in the answer, but that pleading does not set forth that there was any consideration for the release at all, and as a defence it is defective in that respect.

As the evidence respecting the promise to support the plaintiff received without objection, we will consider it as properly received. As stated in the evidence, it is extremely indefinite. Neither the time when, nor the circumstances under which, it was made appear with particularity. It is not *expressly* said that it was made directly to the plaintiff, or so as to bind W. W. Pace (who is no party to this proceeding). It does not appear for what length of time the support was to be given; or of what it was to consist—whether it was to include the usual comforts, or only the barest necessaries of life; or that it was

ever acted on, or that its performance was ever demanded or tendered.

If there be a valuable consideration for a contract, a Court of Equity will not refuse to enforce it merely on the ground that the consideration was inadequate, unless the inadequacy be so gross as to prove that fact alone or coupled with the other circumstances of the case, fraud and imposition. But still there must be a consideration substantially of value. Taking the promise in this case, to have been in the words stated in evidence, and giving the defendant the benefit of the fact of such promise as if it had been pleaded and found by the jury, we are of opinion that under the circumstances it was too vague and indefinite to amount to a substantial consideration. There are cases, no doubt, in which the uncertainty of the words of such a promise standing by themselves, may be supplied from the relations of the parties, or the circumstances under which it was made. They may sometimes fairly be construed as a promise to support in the customary manner of living. But no circumstances appear here, which make that meaning the necessary one. It is difficult to conceive of any reason to induce W. W. Pace to promise to the plaintiff a support costing more than the interest of the fund she had in the estate, and it is equally difficult to conceive of any reason on him to make, or on her to receive the promise, if the support was to cost the equal of the interest. We can make the conduct of the parties intelligible, only by supposing that the ideas of both were that the support should be of *less* value than the interest of the fund, and · that the deficiency of the consideration was to be made up by P. P. Pace, settling the estate as agent of the parties without an administration. In that case clearly the release was without a substantial consideration, and although no actual fraud is to be imputed to any one, yet it was executed under such circumstances of surprise and mistake that it ought not to be enforced.

PER CURIAM. The judgment below is reversed, and it is

declared that the plaintiff is entitled to the amount demanded, and the case is remanded in order that it may be taken.   The plaintiff will recover costs in this Court.

Let this opinion be certified.