The plaintiff is the widow of Isaac Long, who died in 1873, and the defendant is his administrator. In October, 1873, the plaintiff made due application to the defendant for an assignment of a year's support for herself and family. The defendant immediately applied to a justice of the peace, who together with two persons qualified according to law, proceeded to ascertain the number of persons constituting the family of the plaintiff, and make the allotment required. They ascertained her family to consist of six children under fifteen years of age, and assessed her allowance at nine hundred dollars.
The personal property assigned to her, they valued at $651.20, thus leaving a deficit to be paid her in money of $248.80. The justice, as required by law, filed a list of the articles assigned to her, stating the value of each and the deficiency to be paid the plaintiff, with the clerk of the superior court, who received and filed the same, but omitted to enter judgment against the defendant for said deficiency. The defendant has made payments to the plaintiff on account of said allotment, the last in 1880.
Finding that no judgment had been entered in her favor, the plaintiff after giving the defendant notice, on the 7th day of July, 1881, moved the court to enter judgment against the defendant for the amount due her according to the assessment of the commissioners, subject to credits for the amounts that had been paid her thereon, making an affidavit that there was a balance still due to her on account *Page 417 
of the same. The defendant filed an affidavit also, in which he substantially admits the facts as above stated, but says he is advised that the plaintiff's claim against him is barred by the statute of limitations, and he pleads the same.
The clerk of the superior court allowed the plaintiff's motion and gave judgment in her behalf, from which the defendant appealed to the superior court, and the judgment of that court being also against him, he appealed to this court.
Treating the plaintiff's motion as the clerk and the court both seem to have done, as a motion for a judgment nunc pro tunc, it was correctly allowed. "The court will in general permit a record to be amended and a judgment to be entered nunc pro tunc when it has been delayed by the act of the court or the clerk." Bright v. Sugg, 4 Dev., 492. And we know of no statute that limits the power of the court, or its duty to do this, for a duty it becomes whenever necessary to prevent injustice to an innocent party.
Our only doubt has been with reference to the interest allowed the plaintiff on her judgment, but as the statute (Rev. Code, ch. 31, § 90) declares that every judgment or decree, except for costs, rendered or adjudged in any kind of action, shall bear interest till paid, we do not see why this one should be made an exception.
No error. Affirmed. *Page 418