MARY C. BROOKS, widow of J. W. Shackelford, v. C. STEPHENS,
R. W. WARD and others, creditors of J. W. Shackelford.

*Record—Amendment.*

A Judge has the power to amend a record, so as to make it speak the
    truth, at any time; and, by consent of parties, he may hear the
    evidence for that purpose, and make the order of amendment in a
    county other than that where the record is.

This was an APPEAL by the plaintiff, from an order made
by *Connor, J.*, at Chambers, in Wilmington, in April, 1887,
amending a judgment rendered by Clark, J., at Fall Term,
1886, of the Superior Court of JONES County, to which the
proceeding had been moved, by consent of parties, from
Onslow.

The facts sufficiently appear in the opinion.

*Mr. S. W. Isler,* for the plaintiff.
*Mr. Clement Manly,* for the defendants.

SMITH, C. J.    There is no error assigned in this appeal, which is taken from the action of the Judge in correcting a mistake made in rendering a judgment in the cause at a previous term, and at a place outside the county wherein it had been pending.

The subject-matter of the amendment was in the plaintiff's claim to dower in a fund, which had been produced by the sale of what is called the Miller land, in which her husband had acquired the equity of redemption, subject to two incumbering mortgages, the debt secured in the latter having been assigned to him.    The proceeds of the sale were insufficient to discharge the secured debts.

In the first judgment, the plaintiff was declared to be entitled to one third in value of the other lands left by her husband, but that she " is not entitled to dower, or provision in lieu of dower, in the fund or money arising from the J. K. Miller land, as set forth in the third, fourth and fifth articles of the complaint."    The amendment consisted in substituting, for the descriptive words following the word " entitled," " to dower in the land set forth in the complaint as the J. K. Miller land, nor the provision in lieu of dower therein." The change was entirely unnecessary—a distinction without a difference—as the land had been sold under proper proceedings to foreclose, and a claim could only attach to the money fund into which the land had been converted by the sale, if it had any validity in law.

The amendment, the result of overcaution, and to prevent a possible future misconstruction of the terms of the judgment, was allowed upon full evidence of the intent of the former Judge, furnished by himself and the attorney who, by his direction, put his ruling in writing and inadvertently left out the words now supplied, and at a place and

time agreed on by counsel of both parties. There is no ground for any complaint on the part of appellant, in thus putting the judgment in proper form, as it was verbally pronounced at the original rendering. The validity of the action of the Court in hearing and passing upon the application to amend at the place fixed upon, is sustained by the cases of *Hervey* v. *Edmunds*, 68 N. C., 243; *Harrell* v. *Peebles*, 79 N. C., 26; and others subsequently decided.

The power and the duty of making the record speak truly the ruling of the Court, and the action taken in a cause, is supported by abundant authority.

The Court may, for the purpose of ascertaining the facts, hear evidence; *State* v. *Swepson*, 83 N. C., 584; may supply an omission; *Perry* v. *Adams*, 83 N. C., 266; *Walton* v. *Pearson*, 85 N. C., 34; and may do this without regard to lapse of time; *Long* v. *Long*, 85 N. C., 415.

Any matters of law involved in the action, if before us upon exception, would not require consideration, as they have been passed on in the case of *Shackelford* (then the name of the plaintiff) v. *Miller*, 91 N. C., 181, where the claim to dower in the fund was asserted and denied by the Court.

There is no error and the judgment is affirmed.

No error.