L. P. HARRIS ET AL. v. CAROLINA DISTRIBUTING COMPANY ET ALS.

(Filed 13 September, 1916.)

**1. Equity—Judgments—Levy—Cloud on Title.**

    The sale of lands under an execution upon a judgment will be restrained if the deed to be made by the officer selling the land will not pass title, and will only throw a cloud upon the title of the plaintiff.

**2. Estates—Entireties—Husband and Wife—Execution.**

    Where an estate is held by a husband and wife by entireties, it is not subject to execution for the debts of either of them as long as they both shall live.

**3. Same—Trusts—Power of Appointment.**

    The owner of lands conveyed them to his wife, and thereafter they both conveyed to a trustee to hold the same for their only use and benefit during their natural lives and, upon the death of either, for the sole benefit of the other during his or her life, unless the husband disposed thereof by will; and at the request of both grantors the trustee should convey to another person designated by them. *Held*, the lands in the hands of the trustee were held by entireties, and not subject to levy under a judgment against the husband; and his power of appointment did not enlarge his estate or alter the result.

CIVIL ACTION tried before *Bond, J.,* at April Term, 1916, of BEAUFORT.

This is an action to restrain the sale of certain land under execution, upon the ground that the sale and the deed made pursuant thereto will be a cloud on the title of the plaintiff.

Prior to 7 March, 1912, the plaintiff L. P. Harris was the owner of the land in controversy, and on that day he conveyed the same to his wife, Nellie J. Harris, who is also a plaintiff. Thereafter the said L. P. Harris and his wife conveyed said lands to the plaintiff Wiley C. Rodman, in trust, as follows:

"1. To hold the same for and during the natural life of L. P. Harris and Nellie J. Harris, for their only use and benefit.

"2. Upon the death of the said Nellie J. Harris, for the sole use and benefit of the said L. P. Harris.

"3. Upon the death of the said L. P. Harris, for the sole use and benefit during her natural life of the said Nellie J. Harris, subject to the right of the said L. P. Harris to make such disposition thereof by will as to him may seem proper, in which event and upon its proper probate this said trust shall cease and determine.

"4. That the said Wiley C. Rodman, trustee, his heirs or successors, shall at any time, upon the request of the said L. P. Harris and Nellie J. Harris, convey said land to any person or persons as may be by them therein designated.

"5. That the said parties of the first part shall hold, enjoy, and possess the land during their lifetime, and that upon the death of both, if no disposition shall have been previously made as provided for in this trust, then the said trust shall cease and determine, and the said land shall vest in the heirs of L. P. Harris, either in accordance with the laws of descent or as he may determine by will."

The defendant obtained a judgment against the plaintiff L. P. Harris in 1915 upon a debt contracted after the execution and registration of the deeds to Nellie J. Harris and Wiley C. Rodman, and it is this judgment which the defendant is seeking to enforce by a sale under execution of the interest of L. P. Harris in said lands, the plaintiff contending that the said Harris acquired no interest under the trust deed to Rodman which is the subject of sale.

A temporary restraining order was issued, but upon the hearing it was dissolved, and the plaintiffs excepted and appealed.

*W. C. Rodman for plaintiffs.*
*Small, MacLean, Bragaw & Rodman for defendant.*

ALLEN, J.  It has been held in this State that an action cannot be maintained to restrain the sale of land under execution upon the ground that the sale and the deed made pursuant thereto will be a cloud on the title of the plaintiff (*McLean v. Shaw,* 125 N. C., 431), but this has been changed by statute (*Crockett v. Bray,* 151 N. C., 618), and a plaintiff can, under the law as it now exists, restrain a sale under execution if the deed of the officer who sells will not pass title and will only throw a cloud upon the title of the plaintiff.

The determination of the appeal, therefore, depends on the estate acquired by L. P. Harris under the deed to Rodman, trustee, and whether it is such an estate as is subject to the lien of a judgment and a sale under execution issued thereon.

The deed conveys the land to Rodman, trustee, for the benefit of L. P. Harris and his wife, Nellie J. Harris, for and during their natural lives, with a general power of disposition in L. P. Harris.

The estate of L. P. Harris and his wife is an estate by entireties (*Motley v. Whitemore,* 19 N. C., 537; *Bruce v. Nicholson,* 109 N. C., 204), and such an estate is not the subject of sale under execution. *Hood v. Mercer,* 150 N. C., 699.

In the last case cited the Court says, in speaking of estates by entireties, that "While, to some extent, former decisions of this Court in respect to this estate have been modified, we have held, in recent years, that under a conveyance of land in fee to husband and wife they take by entireties, with right of survivorship, and that the interest of neither during their joint lives becomes subject to the lien of a docketed judgment. During the wife's life the husband has no such interest as is subject to levy and sale to satisfy a judgment against him. *Bruce v. Nicholson,* 109 N. C., 202; *West v. R. R.,* 140 N. C., 620."

It is also well settled that a general power of appointment conferred upon a life tenant does not enlarge his estate.

In *Patrick v. Morehead, Ashe, J.,* speaking for the Court, says: "It has been settled upon unquestionable authority that if an estate be given by will to a person generally, with a power of disposition or appointment, it carries the fee; but if it be given to one for life only, and there is annexed to it such a power, it does not enlarge his estate, but gives him only an estate for life."

We are therefore of opinion that the plaintiff L. P. Harris has no estate under the deed executed to Rodman, trustee, which is subject to sale under execution, and as the sale and the deed made to carry it into effect would be a cloud upon the title of the plaintiffs, that they are entitled to have the restraining order continued to the hearing.

The defendant is not in a position to avail himself of the contention that the deed from L. P. Harris to his wife and the deed to Rodman, trustee, are fraudulent as to creditors, because its debt was contracted after the execution and registration of those deeds, and it does not appear that there is any debt owing by either of the plaintiffs which was in existence at the time of their execution.

Reversed.