ANNIE MIZELL ET AL., CHILDREN OF JOHN MIZELL, INFANTS, APPEARING BY THEIR NEXT FRIEND, M. H. MORRIS, AND JOHN MIZELL AND HIS WIFE, MARIE MIZELL, ALL BEING DEVISEES UNDER THE WILL OF WESTON MIZELL, v. R. C. BAZEMORE AND J. W. COOPER, SHERIFF OF BERTIE COUNTY.

(Filed 5 October, 1927.)

1. **Equity—Judgments—Sales—Execution—Cloud on Title — Statutes—Actions—Suits.**

   Under the provisions of C. S., 1743, the sheriff's sale of land by execution under a judgment may now be restrained by suit in equity when it will cast an additional cloud upon the title of the owner of the lands.

2. **Same—Estates—Debtor and Creditor—Void Limitations.**

   Where a life estate is devised to the testator's son and changed by codicil to appoint a trustee to hold the title and to give him the full rights of enjoyment of a life tenant in the event a creditor should bring action against him for a debt: *Held*, the condition upon which the title is to be held in trust is void and his title as tenant for life will continue for the duration of his life, and a sale by execution under a judgment against him will not be enjoined as a further cloud upon his title. C. S., 677.

APPEAL by plaintiffs from judgment of *Grady, J.*, at February Term, 1927, of BERTIE. Affirmed.

Action to restrain and enjoin defendant, sheriff of Bertie County, from selling lands situate in said county and devised to plaintiffs in the last will of Weston Mizell, deceased, under executions in his hands,

issued upon judgments duly docketed in said county in favor of defendant, R. C. Bazemore, and against plaintiff, John Mizell, upon allegation that said judgment debtor has no interest in said lands, subject to the lien of said docketed judgments and to sale under execution, and for other relief.

From judgment dissolving a temporary restraining order, and dismissing the action, plaintiffs appealed to the Supreme Court.

*Craig & Pritchett for plaintiffs.*
*Winston, Matthews & Kenney for defendants.*

CONNOR, J. In *Harris v. Distributing Co.,* 172 N. C., 14, it is said: "It has been held in this State that an action cannot be maintained to restrain the sale of land under execution upon the ground that the sale and deed made pursuant thereto will be a cloud on the title of the plaintiff *(McLean v. Shaw,* 125 N. C., 491), but this has been changed by statute *(Crockett v. Bray,* 151 N. C., 615), and a plaintiff can, under the law as it now exists, restrain a sale under execution if the deed of the officer who sells will not pass title, and will only throw a cloud upon the title of the plaintiff." C. S., 1743.

The question as to whether John Mizell, the judgment debtor, has an interest in the land described in the complaint, which is subject to the lien of the docketed judgments, and to sale under executions issued upon said judgments, and now in the hands of the sheriff, is presented for decision by the plaintiffs, the children of John Mizell, who allege that they are now the owners of said land. Plaintiffs, other than the judgment debtor, may maintain this action to have the judgments declared a cloud upon their title to said land and to restrain the sale and conveyance of the land by the sheriff, upon their allegation that such sale and conveyance will constitute a further cloud upon their title. The judgment debtor, upon the allegations of the complaint, has no title to the land upon which a cloud can be cast. He joins his co-plaintiffs in the contention that he has no right, title, interest or estate in and to the land. They contend that he has been divested of all such right, title, interest or estate, as he took under the will of Weston Mizell, in accordance with its express terms. Defendants contend that John Mizell has a life estate in said land, and that same is subject to sale under execution now in the hands of the sheriff. It is admitted that the children of John Mizell own the land subject to such life estate.

The last will of Weston Mizell, deceased, has been duly probated. It is dated 30 October, 1918, and contains the following item:

"Third. Subject to the two foregoing paragraphs of this will, I loan to my son, John Mizell, for and during his natural life, my Hope Tract of land; and at his death, if she is then living, I loan the said tract of land to Marie Mizell, wife of my said son, so long as she remains his widow, and after the remarriage or death of said Marie Mizell, I give and devise the said tract of land in fee simple to the children of my said son, John Mizell." The two preceding paragraphs are not relevant to the question here to be decided.

On 27 September, 1919, Weston Mizell executed a codicil to his said will, the pertinent provisions of which are as follows:

"First. I hereby revoke and cancel the third section and item of my said will and in lieu thereof make the following devise:

'I give and devise my Hope Tract of land, subject to items one and two of my said will, to my son, John Mizell, for and during his natural life, and at his death to his children in fee simple; and in case of the death of any child of my said son, during his lifetime, leaving issue, the issue of such child, or children shall represent his, her or their parent or parents and take the share which said child or children would have taken had he, she or they been alive at the death of my said son, John Mizell.' "

On 8 January, 1921, the said Weston Mizell executed another codicil to his will, in words as follows:

"First. Section 3 of said will 'and testament as changed by codicil heretofore made on 27 September, 1919, will stand, except that the said life estate to said John Mizell be on the following contingency:

'If the said John Mizell shall become involved, and if any creditor or creditors of the said John Mizell shall seek to subject the said lands to the payment of his debts, either by way of execution or otherwise, or if the said John Mizell shall attempt to convey the same by way of mortgage to secure debts, then said estate of said John Mizell shall instantly cease, and shall vest in his children in fee simple, this to include children already born or which may thereafter become born to him in legitimate wedlock.

And further that in case the said estate should so vest in said children by reason of such subjection to debts or transfer as security, then said John Mizell shall have the full use and privilege of using said land and houses, etc., on said lands during his natural life without accounting to or paying to anybody the rent for any use and occupation of same.

'And further, the estate to his children shall not lapse as to any child born at time of this will and codicil taking effect, but, if necessary, the courts and law will appoint a trustee to preserve and protect

said title of such unborn children, who shall share equally with the children already born to said John Mizell.' "

Plaintiffs, conceding that John Mizell, under the will of Weston Mizell, took a life estate in the lands upon which the sheriff has levied, and which he will sell under the executions now in his hands, unless restrained from so doing, contend that said life estate ceased upon the happening of the contingency as provided in the codicil dated 8 January, 1921, for that a creditor of John Mizell is now seeking to subject said lands to the payment of his debts by way of execution. But for the provision in the codicil, dated 8 January, 1921, this contention would be well founded. In *Wool v. Fleetwood,* 136 N. C., 461, *Walker, J.,* says: "A distinction is sometimes to be found in the cases between a condition against alienation or anticipation, coupled with a provision that the life tenant and his assigns shall lose the estate if the condition is broken, and that it shall go over (which makes it a limitation), and one by which he is compelled to keep the property so that neither his grantees nor any third person can get hold of or enjoy it, the latter condition being declared as void, and the former as valid. We need not pass upon this distinction as there is no limitation over in this case." See *Mebane v. Mebane,* 39 N. C., 131.

In the instant case there is a limitation over to the children of John Mizell, upon the happening of the contingency, upon which his life estate in the land shall cease. However, it is provided in the codicil that although the life estate of John Mizell shall cease, upon the happening of the contingency, he shall thereafter, nevertheless, have full use, and privilege of using the land, together with all buildings thereon, without accounting to his children or to any one else for rent. The manifest purpose of this last provision is that the life estate of John Mizell in the land, upon the happening of the contingency, shall cease, only insofar as the rights of creditors are concerned. This is at least the effect of the provision, for if the same is valid, notwithstanding the happening of the contingency upon which his life estate shall cease, John Mizell shall remain in possession of the land, with all the rights and powers with respect thereto, during his natural life, which are incidents of a life estate. This provision must be held void and of no effect, upon the principle stated by *Ruffin, C. J.,* in *Mebane v. Mebane,* 39 N. C., 131. After reviewing a number of cases, in which this question was presented, he says: "The foregoing cases sufficiently establish, that by the use of no terms or art can property be given to a man, or to another for him, so that he may continue to enjoy it, or derive any benefit from it, as the interest, or his maintenance thereout or the like, and at the same time defy his creditors and deny them satisfaction

SUPPLY CO. *v.* DAVIS.

thereout. The thing is impossible. As long as the property is his, it must, as an incident, be subject to his debts, provided only that it be tangible."

We concur in the opinion that the codicil dated 8 January, 1921, is void and of no effect. This opinion is supported by many authoritative decisions of this Court. *Bank v. Heath,* 187 N. C., 54; *Vaughn v. Wise,* 152 N. C., 31; *Ricks v. Pope,* 129 N. C., 52; *Pace v. Pace,* 73 N. C., 125; *Mebane v. Mebane,* 39 N. C., 131; *Bank v. Forney,* 37 N. C., 184; *Dick v. Pitchford,* 21 N. C., 480. Indeed, it would be absurd, as *Ruffin, C. J.,* says, if the law were otherwise.

We find no error. The life estate of John Mizell in the land levied upon by the sheriff, whether the same be legal or equitable, is subject to sale under executions issued upon the judgments recovered by defendant, R. C. Bazemore, against the said John Mizell. C. S., 677. The temporary restraining order was properly dissolved, and the judgment dismissing the action is

Affirmed.