## J. D. RAGAN v. MAGNOLIA RAGAN.

### (Filed 5 January, 1938.)

**1. Appeal and Error § 20b—**

Where it is patent that the judgment as certified used the word "defendant" where the word "plaintiff" was intended, resulting in an inconsistent and meaningless judgment, it is the duty of the trial court to correct the record to speak the truth, either on application or *ex mero motu.*

**2. Appeal and Error § 3a—**

Where by error the judgment of the court directs "defendant" to pay money into court for the benefit of defendant, plaintiff is not the injured party on the record as certified, and his appeal will be dismissed. C. S., 632.

**3. Pleadings § 23: Divorce § 5—**

Where appeal from an order granting alimony *pendente lite* is dismissed, defendant may thereafter apply for permission to amend her answer setting up a cross action for divorce *a mensa et thoro* to meet plaintiff's objection to the verification. C. S., 1661.

APPEAL by plaintiff from *Williams, J.,* at September Term, 1937, of DURHAM.

Action for absolute divorce, and cross action for divorce *a mensa et thoro* and for alimony *pendente lite.*

The complaint, duly verified, alleged that plaintiff and defendant were married in June, 1935; that a few days thereafter defendant abandoned

plaintiff without just cause and "has been guilty of adulterous relations with numerous persons whose names are at present unknown to plaintiff."

Defendant filed answer in which she denied the material allegations of the complaint except the fact of her marriage to plaintiff on 24 June, 1935; and set up cross action for divorce from bed and board from the plaintiff on the ground of "cruel and inhuman treatment" by plaintiff, of acts and conduct of plaintiff which "made her life burdensome and unbearable" and of being "maliciously turned out of her home" by plaintiff. Defendant further alleged that "she has no property or income sufficient for her livelihood and to aid her in defending her action and protecting her good name"; and that plaintiff has considerable property and income ample to support defendant and defray the expenses of her action. Upon these allegations she prayed that plaintiff's action be dismissed, that she be granted decree of divorce from bed and board; and that she be allowed reasonable attorney's fees and other expenses in defending her action and alimony *pendente lite.* The answer is verified as provided in C. S., 529, and not in conformity with C. S., 1661.

After notice, the motion of defendant for alimony *pendente lite* was heard by the presiding judge who, upon hearing the evidence presented by affidavits and pleadings, "finds the facts to be, for the purpose of this motion, substantially as set out in the defendant's answer and cross action, as alleged therein, as fully as if incorporated herein in detail"; and that the plaintiff owns property of the assessed value of $3,000, which is its reasonable value, subject to mortgage of $125.00. Upon these findings of fact, the court rendered the following judgment: "It is therefore considered, ordered, and adjudged by the court that the *defendant* pay into the office of the clerk of the Superior Court of Durham County the sum of $75.00 on or before 1 October, 1937, $50.00 of said amount for Messrs. McDonald and Bennett, attorneys for the *defendant,* and $25.00 for the use of the *defendant* and her benefit, and that thereafter, on the first day of each month the *defendant* shall pay into the office of the clerk of the Superior Court of Durham County the sum of $15.00 per month pending the final trial and determination of this action."

From judgment as signed the plaintiff appealed to the Supreme Court, and assigned error.

*J. W. Barbee for plaintiff, appellant.*
*Bennett & McDonald for defendant, appellee.*

WINBORNE, J. The judgment below, as certified to this Court, is wholly inconsistent with the findings of fact, and is meaningless. The

defendant, who is the moving party, is ordered to pay the allowance to herself. Patently the word "defendant" as it first appears therein was inadvertently and erroneously used for the word "plaintiff." However, be that as it may, it is the duty of the court below, and not ours, on application, or *ex mero motu*, to correct the record to speak the truth, and to make entries *nunc pro tunc* that were certainly intended to be made, but omitted by mistake, accident, or inadvertence of the court. Such authority is essential. *Wall v. Covington*, 83 N. C., 144; *Strickland v. Strickland*, 95 N. C., 471; *Cook v. Moore*, 100 N. C., 294, 6 S. E., ·795; *Brooks v. Stephens*, 100 N. C., 297, 6 S. E., 81; *Durham v. Cotton Mills*, 144 N. C., 705, 57 S. E., 465; *S. v. Brown*, 203 N. C., 513, 166 S. E., 396.

On the face of the judgment, the plaintiff is not the party aggrieved— and is not, therefore, entitled to appeal. C. S., 632.

The defendant may find it expedient to apply to the court for permission to amend her answer and the verification thereof to meet objections made on this appeal. *Moore v. Moore*, 130 N. C., 333, 41 S. E., 943; *Martin v. Martin*, 130 N. C., 28, 40 S. E., 822; *Nichols v. Nichols*, 128 N. C., 108, 38 S. E., 296; C. S., 1661.

The appeal will be

Dismissed.