J. C. EXUM, AND J. C. EXUM, ADMINISTRATOR OF THE ESTATE OF J. EXUM, DECEASED, TRADING AS J. EXUM & COMPANY, v. CAROLINA RAILROAD COMPANY, M. S. HAWKINS AND L. H. WINDHOLZ, RECEIVERS OF NORFOLK SOUTHERN RAILROAD COMPANY, AND H. K. COBB, SHERIFF OF GREENE COUNTY.

(Filed 4 November, 1942.)

**1. Pleadings § 15—**

 In an action to remove a cloud from plaintiffs' title, caused by a docketed judgment alleged to be invalid, a demurrer to the complaint, as not stating a cause of action, was properly overruled, C. S., 1743, being sufficiently broad to entitle plaintiff to maintain an independent action.

**2. Limitation of Actions § 2a—**

 Where judgment was taken in 1926, and in 1931 defendant moved before the clerk to set the judgment aside, motion denied and appeal taken to the judge, and the clerk ordered that execution should not issue until the

adjournment of the August, 1931, Term of court, and the appeal to the judge was never heard, the order of the clerk and the appeal to the judge did not have the effect of stopping the statute and the judgment is barred in 1939 by the ten years statute of limitations. *Adams v. Guy,* 106 N. C., 275, cited and distinguished.

APPEAL by plaintiffs from *Burney, J.,* at February Term, 1942, of GREENE. Reversed.

This was an action to remove cloud from title to plaintiffs' land, caused by a docketed judgment alleged to be invalid, and to restrain execution. Demurrer to the complaint was overruled, and defendants having excepted, answered. The determinative issue raised by the pleadings was whether defendants' judgment was barred by the statute of limitations. This was submitted to the jury upon an agreed statement of facts. The court being of opinion that upon these facts the judgment attacked was not barred, so instructed the jury.

From judgment on the verdict returned in accord with this ruling, the plaintiffs appealed.

*Walter G. Sheppard and K. A. Pittman for plaintiffs.*
*Charles F. Rouse for defendants.*

DEVIN, J. The question presented by this appeal is whether, upon the facts agreed, the defendants' judgment was barred by the ten years statute of limitations. C. S., 437.

The material facts were these: In 1926 the defendant Carolina Railroad Company obtained a judgment by default in Lenoir County against J. C. and J. T. Exum, the present plaintiffs, for a sum certain. The judgment was rendered by the clerk and was duly docketed. In 1931 the defendants in that action made a motion before the clerk to set aside the judgment. This motion was heard and denied by the clerk 3 August, 1931. The defendants in that action appealed to the judge. The clerk thereupon noted that execution should not issue on the judgment until the adjournment of the August, 1931, Term of Lenoir Superior Court. The appeal from the clerk was never at any time heard by a judge of the Superior Court, and is still pending. No other order was ever entered.

In February, 1939, the present owners of the judgment had the judgment docketed in Greene County, where the present plaintiffs reside and own land, and caused execution to issue, and the sheriff has indicated his intention to proceed to enforce the execution against the property of the plaintiffs. This action was instituted to have the judgment declared invalid and a cloud on the title to plaintiffs' land, and to restrain the sheriff from proceeding to enforce execution thereon.

Admittedly the judgment rendered in 1926 was barred by the statute of limitations in 1939, unless the pendency of the appeal to the judge

from the order of the clerk in 1931, denying the motion to set aside the judgment of 1926, had the effect of stopping the running of the statute. C. S., 614, provides that the time during which the judgment creditor shall have been restrained from proceeding thereon by injunction, or other order, or "by the operation of any appeal," shall not constitute any part of the ten years period. Here the appeal was from the clerk's denial of a motion to set aside the judgment. The judgment was still in force and the lien enforceable. There was no *supersedeas,* or injunction, or restraint upon execution, except for a short period during the month of August, 1931. The appeal to the judge from the clerk's ruling may not be held to have had the effect of a *supersedeas,* or restraining order, or to arrest the running of the statute. The judgment creditors had the right to cause execution to issue at any time within ten years from the date of the rendition of the judgment in 1926. Having failed to do so or take any action to enforce the lien of their judgment within ten years, the right to do so was thereafter barred by the statute. *Blow v. Harding,* 161 N. C., 375, 77 S. E., 340; *Lupton v. Edmundson,* 220 N. C., 188, 16 S. E. (2d), 840. In *Adams v. Guy,* 106 N. C., 275, 11 S. E., 535, cited by defendants, the appeal from the clerk to the judge was upon a motion to issue execution, and the decision that the judgment was not barred by the statute of limitations was based upon the ground that "the appeal did not leave the plaintiff at liberty to have an execution and enforce the same during its pendency."

Further referring to *Adams v. Guy, supra,* it may be noted that at the time of that decision (1890), in accord with the statute then in force (The Code, section 440, later codified as C. S., 668), a judgment became dormant after the lapse of three years from the entry of judgment, and execution thereon could not be issued until, after notice and proof that the judgment had not been satisfied, leave for that purpose was granted, and the judgment revived. But by ch. 24, Public Laws 1927, C. S., 668, was expressly repealed, and there was thereafter no restraint upon the right to issue execution at any time within ten years from the rendition of the judgment. C. S., 667. In the *Adams case, supra,* the judgment had become dormant. The motion for leave to issue execution was allowed, but from the clerk's order allowing the motion an appeal was taken to the judge, and, from the latter's affirmance, to this Court. During the pendency of the appeal the ten years period from the docketing of the judgment expired. At that time, as execution could not issue except by leave of the court, and as the appeal involved the right to issue execution, it was held that, under The Code, section 435 (now C. S., 614), the time of the pendency of the appeal should not be counted as part of the ten years period, and hence that the right to issue execution was not barred.

In the instant case the motion to set aside the judgment had no relation to the issuance of execution, and no order restraining execution was asked or obtained. Thus no restraint was effected by the appeal.

It appears also in the case at bar that in 1939, while the appeal from the clerk's order was still pending, and without waiting for its decision, the defendants caused execution to issue in the effort to enforce the lien of their judgment. We think this was then too late.

We conclude that there was error in the ruling of the court below as to the statute of limitations, and that upon the facts agreed the plaintiffs were entitled to have the court hold that the defendants' judgment was barred by the statute of limitations.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action in that plaintiffs had an adequate remedy at law by motion in the original cause in Lenoir County, and could not proceed by independent action. The demurrer was overruled by Judge Frizzelle, and the defendants excepted. They now ask that their challenge to the plaintiffs' right to maintain this action be considered. The defendants' exception to the overruling of their demurrer cannot be sustained. The provisions of C. S., 1743, are sufficiently broad to entitle the plaintiffs to maintain this action on the facts alleged, and the decisions of this Court are in full support. *Crockett v. Bray,* 151 N. C., 615, 66 S. E., 666; *Harris v. Distributing Co.,* 172 N. C., 14, 89 S. E., 789; *Stocks v. Stocks,* 179 N. C., 285 (289), 102 S. E., 306; *Mizell v. Bazemore,* 194 N. C., 324, 139 S. E., 453.

On plaintiffs' appeal,
Reversed.
On defendants' appeal,
Affirmed.