PERCY B. HOLDEN v. W. L. TOTTEN ET AL.

(Filed 31 October, 1945.)

**1. Judgments §§ 22b, 22g: Execution § 11—**

In an action to remove a cloud upon plaintiff's title, based on a transcript of judgment from Durham County docketed in Greene County, where restraining order was continued and appeal taken and thereafter on call of the case for trial, it appeared that motion had been lodged in Durham County to correct the record and that plaintiff had set up his rights in the Durham County proceeding, the defendant was entitled to have plaintiff pursue his legal remedies in Durham before asking for further aid from the equity case in Greene. The apparent irregularity may be corrected by motion in the cause in Durham County, or the execution may be recalled; and for the present the remedies in Durham County seem adequate.

**2. Execution § 16: Judgments § 22b—**

A sale under execution may be restrained if the deed of the officer who sells will not pass title and will only throw a cloud upon the title of plaintiff; but the invalidity of the judgment upon which the execution was issued may not be collaterally attacked unless it be void or unenforceable.

APPEAL by defendant, W. L. Totten, from *Frizzelle, J.,* at February-March Term, 1945, of GREENE.

Civil action to remove cloud upon title created by transcript of judgment from Durham County, docketed in Greene County, and to restrain sale under execution on the judgment.

A temporary restraining order was issued in the cause and continued to the hearing. An appeal was immediately taken and is reported in 224 N. C., 547.

Thereafter, upon call of the case for trial, it was made to appear that motion was then pending in the cause in Durham County to correct the record, and that "the plaintiffs in this case have set up their rights before the court in this motion." Whereupon, the defendants moved for a continuance until the motion could be heard in Durham Superior Court.

The case proceeded without the intervention of a jury, and from the facts found, the trial court concluded that the purported judgment in Durham County was void, and that plaintiff was entitled to have the transcript thereof in Greene County removed as cloud upon title.

Defendant appeals, assigning errors.

*J. Faison Thomson and K. A. Pittman for plaintiff, appellee.*
*Bennett & McDonald for defendant, appellant.*

STACY, C. J.   This is the same matter that was before us at the Fall Term, 1944, reported in 224 N. C., 547, with full statement of the facts, to which reference may be had to avoid repetition.

The only question presented on the former appeal was the protection of the *res* until the facts could be fully developed.   The force and effect of the transcript in Greene County necessarily depends on the validity of the judgment in Durham County.   When it was made to appear that motion had been lodged in Durham County to correct the record in the case, and that the plaintiff herein had set up his rights before the court in the proceeding there, it would seem that defendant was entitled to have the plaintiff pursue his legal remedies before asking further aid from a court of equity.

True it is, that under the law as it now exists, a sale under execution may be restrained if the deed of the officer who sells will not pass title, and will only throw a cloud upon the title of the plaintiff, *Harris v. Distributing Co.,* 172 N. C., 14, 89 S. E., 789; *Mizell v. Bazemore,* 194 N. C., 324, 139 S. E., 453, but the invalidity of the judgment upon which the execution was issued may not be collaterally attacked unless it be void or unenforceable, as, for example, where the lien of the judgment is barred by the lapse of time.   *Exum v. R. R.,* 222 N. C., 222, 22 S. E. (2d), 424.

Here, the apparent irregularity of the judgment may be corrected on motion in the cause in Durham County, *Ragan v. Ragan,* 212 N. C., 753, 194 S. E., 458; *S. v. Brown,* 203 N. C., 513, 166 S. E., 396, or the execution may there be recalled.   *Finance Co. v. Trust Co.,* 213 N. C., 369, 196 S.. E., 340; *Crowder v. Stiers,* 215 N. C., 123, 1 S. E. (2d), 353. For the present, at least, the remedies available in Durham County seem adequate.   So, we need not now decide to what extent the Superior Court of Greene County may look into the records of the Superior Court of Durham County to determine the validity of the judgment and the effectiveness of the transcript to another county.   *Monroe v. Niven,* 221 N. C., 362, 20 S. E. (2d), 311; *Clark v. Homes,* 189 N. C., 703, 128 S. E., 20; *Hargrove v. Wilson,* 148 N. C., 439, 62 S. E., 520; *Dowdle v. Corpening,* 32 N. C., 58; *S. v. King,* 27 N. C., 203.

Error.