N. C. JOINT STOCK LAND BANK OF DURHAM v. SOL CHERRY AND WIFE, EMMA MAY BRITT CHERRY, W. M. WARREN AND PERCY B. HOLDEN.

(Filed 18 December, 1946.)

**1. Appeal and Error § 40a—**

A sole exception to the signing of the judgment presents only the question whether the judgment is supported by the record.

**2. Judgments § 20a—**

The Superior Court has the power, on motion in the cause after notice, to correct clerical errors in the judgment and to make the record speak the truth.

APPEAL by defendant Holden from *Grady, Emergency Judge,* at March Term, 1946, of DURHAM. Affirmed.

Motion in the cause by the plaintiff and W. L. Totten, assignee of record of the judgment, to correct certain clerical errors in the judgment.

The court found the facts, without objection, and entered order correcting the judgment so as to conform to the facts found.

The defendant Holden excepted and appealed.

*Bennett & McDonald and R. M. Gantt for plaintiff, appellee.*
*J. Faison Thomson and Kenneth A. Pittman for defendant, appellant.*

DEVIN, J. The findings of fact made by the court below were unchallenged by exception. From these it appears that the plaintiff Bank instituted suit in the Superior Court of Durham County and obtained judgment against the above named defendants, including the defendant Holden, for the balance due on an obligation under seal, which the defendant Holden had assumed and in writing promised to pay. Defendant Warren was not served. No answer was filed. Judgment was rendered by Judge E. H. Cranmer, presiding, at October Term, 1934, of Durham Superior Court.

However, as the result of an inadvertence, in the original judgment signed by Judge Cranmer the name of Judge G. V. Cowper appeared in the premises, and under the signature of Judge Cranmer appeared the words "Clerk of Superior Court." The date was incorrectly stated. A corrected judgment was at the time entered on the minute and judgment dockets of the court. Motion in the cause to correct the original judgment was filed 6 April, 1944.

Transcript of the judgment in proper form as docketed had been sent to and recorded in Greene County where defendant Holden resides. Holden instituted suit in that county against Totten to restrain execution, on the ground that the judgment was void. Questions involved in that suit were considered by this Court and the facts stated on two appeals in the case entitled *Holden v. Totten,* reported in 224 N. C., 547, 31 S. E. (2d), 635, and 225 N. C., 558, 35 S. E. (2d), 635, 636. On the last appeal in that case this Court said: "Here, the apparent irregularity of the judgment may be corrected on motion in the cause in Durham County."

The motion in the original cause was heard by Judge Grady, who found the facts and ordered the judgment corrected to speak the truth as found by him. The appellant excepted to the ruling of Judge Grady, and his only assignment of error is "that the court signed the judgment amending a former judgment." There was no exception to any finding of fact made by the court, nor is the truth of the material facts found controverted. The evidence was sufficient to support the conclusion and order of the court. *Brown v. Truck Lines, ante,* 65; *Ingram v. Mortgage Co.,* 208 N. C., 329, 180 S. E., 594; *Wilson v. Charlotte,* 206 N. C., 856, 175 S. E., 306.

The power of the Superior Court, on motion in the cause after notice, to correct clerical errors in the judgment and to make the record speak the truth may not be denied. *S. v. Morgan,* 225 N. C., 549, 35 S. E. (2d), 621; *S. v. Tola,* 222 N. C., 406, 23 S. E. (2d), 321; *Ragan v. Ragan,* 212 N. C., 753, 194 S. E., 458; *S. v. Brown,* 203 N. C., 513, 166 S. E., 396; *Cook v. Moore,* 100 N. C., 294, 6 S. E., 795; *Brooks v. Stephens,* 100 N. C., 297, 6 S. E., 81; *Hughes v. King,* 27 N. C., 203; McIntosh, 732.

Questions debated here as to the effect of the order appealed from are not presented on this appeal and have not been considered or decided. On the record before us the ruling of Judge Grady must be upheld.

Judgment affirmed.