F. C. PARKER, SR., AND F. C. PARKER, JR., TRADING AS F. C. PARKER & SON, A PARTNERSHIP, v. D. M. ROBERSON AND ETHEL ROBERSON.

(Filed 9 March, 1955.)

**Judgments § 20—**

> The rule that a judgment is *in fieri* only during the term relates to judicial and not to clerical errors therein, and at a subsequent term another judge of the Superior Court has jurisdiction to correct an error in the judgment, which the record itself discloses to be a clerical error, in order to make the record speak the truth.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Carr, J.,* December Term, 1954, of MARTIN.

Action to recover balance owing on promissory notes; and, ancillary thereto, claim and delivery proceedings to recover possession of personal property covered by chattel mortgage held by plaintiffs as security.

PARKER *v.* ROBERSON.

At September Term, 1953, after jury trial, judgment for plaintiffs was entered by Bone, J. Defendants excepted and appealed, but did not perfect their appeal.

At March Term, 1954, based on his finding that defendants had abandoned their appeal, Morris, J., entered judgment providing: "Now, therefore, it is ordered, adjudged, and decreed that said *action* be dismissed, and that the plaintiffs recover their costs of the defendants, to be taxed by the Clerk." (Italics added.)

At December Term, 1954, Carr, J., upon motion and after notice, entered judgment, which corrected the judgment entered at March Term, 1954, by striking therefrom the word "action" and substituting therefor the word "appeal." Defendants excepted and appealed. Their only assignment of error is directed to said judgment of Carr, J.

*R. L. Coburn for plaintiffs, appellees.*
*Peel & Peel for defendants, appellants.*

PER CURIAM. "The rule that a judgment is *in fieri* during the term only and cannot be altered after adjournment relates to judicial and not to clerical errors therein." *Land Bank v. Davis,* 215 N.C. 100, 1 S.E. 2d 350.

"The power of the Superior Court, on motion in the cause after notice, to correct clerical errors in the judgment and to make the record speak the truth may not be denied." *Land Bank v. Cherry,* 227 N.C. 105, 40 S.E. 2d 799.

The error in the judgment entered at March Term, 1954, plainly disclosed by the record itself, is an obvious clerical error. Judge Carr's judgment was the appropriate procedure to correct such error. The assignment of error, upon which defendants' appeal is based, is wholly without merit. The judgment of Judge Carr is

Affirmed.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.