COLONIAL OIL COMPANY v. CHARLES H. JENKINS, TRADING AS CHAS. H. JENKINS BUICK COMPANY.

(Filed 13 October, 1937.)

**Estoppel § 6c—Evidence held to require submission to jury of question of estoppel by silence.**

The uncontradicted evidence tended to show that plaintiff's agent for the sale of gasoline products was to account to plaintiff for the proceeds of sale, that defendant purchased gasoline products from the agent from time to time under an agreement with the agent that the purchase price should be applied to a debt owed defendant by the agent. The jury found from conflicting evidence that defendant had knowledge of the fact of agency at the time he bought the gasoline products. Defendant also offered evidence, contradicted by plaintiff, that when plaintiff rendered an account for gasoline products sold to defendant, defendant informed it of the agreement with the agent, and, at plaintiff's request, furnished it with an affidavit setting forth the agreement, and that plaintiff then stated it would collect the account from the agent or his bondsman, that defendant, in reliance on the statement, did not attempt to collect from the agent, and that plaintiff made no further demand on defendant until the institution of this action some three years thereafter, at which time defendant's claim against the agent was barred by the statute of limitations. *Held:* Defendant is entitled to have the conflicting evidence submitted to the jury under appropriate issues on the question of estoppel.

APPEAL by defendant from *Grady, J.,* at May Term, 1937, of BERTIE. New trial.

This is an action to recover of the defendant the sum of $455.52, with interest from 5 August, 1932, for gasoline and petroleum products which were sold and delivered by the plaintiff to the defendant, at various dates, from 18 April, 1932, to 5 August, 1932.

The action was begun on 3 May, 1935.

It was admitted by the plaintiff, in its reply to defendant's answer, that the gasoline and petroleum products shown on the itemized verified statement of account attached to the complaint, were sold and delivered to the defendant, at Elizabeth City, N. C., by George C. Dodge, trading as Dodge Oil Company, and operating, at the dates of said sales and deliveries, filling stations in Elizabeth City, N. C.

The plaintiff alleged that in making said sales and deliveries, the said George C. Dodge, trading as Dodge Oil Company, was acting as the agent of the plaintiff, under a contract in writing, and that the gasoline and petroleum products which the said George C. Dodge sold and delivered to the defendant were delivered to him by the plaintiff for sale in accordance with the terms and provisions of said contract, a copy of which was attached to plaintiff's reply.

The defendant denied the allegation of the plaintiff that at the dates of the sales and deliveries to him of the said gasoline and petroleum products the said George C. Dodge was the agent of the plaintiff, and that he sold and delivered the said gasoline and petroleum products to the defendant as the agent of the plaintiff. He alleged that if in fact the said George C. Dodge was the agent of the plaintiff, and as such agent sold and delivered to the defendant the said gasoline and petroleum products, the defendant had no notice of such agency, and was ignorant of such fact.

The defendant further alleged that the gasoline and petroleum products which were sold and delivered to him by the said George C. Dodge, from 18 April, 1932, to 5 August, 1932, were sold and delivered under and pursuant to an agreement between the defendant and the said George C. Dodge, made and entered into prior to such sales and deliveries, that the amounts due by the defendant from said gasoline and petroleum products from time to time should be applied as payments on the indebtedness of the said George C. Dodge to the defendant which was incurred in part by the said George C. Dodge by the purchase from the defendant of a truck, which was used by the said George C. Dodge in handling gasoline and petroleum products which the plaintiff had delivered to him, for sale and delivery to his customers; and that the amount of such indebtedness is now $512.65.

The defendant further alleged that when he was informed by the plaintiff, to wit: On or about 1 November, 1932, that the said George C. Dodge was the agent of the plaintiff at the dates of the sales and deliveries of the said gasoline and petroleum products to the defendant, and that the said George C. Dodge had sold and delivered said gasoline and petroleum products to the defendant as such agent, the defendant immediately informed the plaintiff of his ignorance of such agency and of his agreement with the said George C. Dodge with respect to the application of the amounts due by defendant for such gasoline and petroleum products as payments on the indebtedness of the said George C. Dodge to the defendant; that, at the request of the plaintiff, the defendant furnished the plaintiff an affidavit setting out said agreement, and the amount of said indebtedness; that plaintiff thereupon stated to the defendant that it would collect the account for the said gasoline and petroleum products from the said George C. Dodge, or the surety on his bond to the plaintiff; and that thereafter the defendant had no notice from the plaintiff or otherwise that plaintiff had not collected said account from the said George C. Dodge, if such be the fact, until the commencement of this action on 3 May, 1935.

At the trial, after the pleadings had been read, the court announced that the following issues would be submitted to the jury:

"1. Was the defendant Chas. H. Jenkins ignorant of the fact that George C. Dodge was selling the gasoline and petroleum products referred to in the complaint as agent of the plaintiff, as alleged in the answer?  Answer:  ...........

"2. If not, what amount is the plaintiff entitled to recover of the defendant?  Answer: ........... .

"3. If yes, has there been a ratification of the contract made by and between George C. Dodge and the defendant, as alleged by the defendant?  Answer: ........ ....

"4. What amount, if any, is the defendant entitled to recover of the plaintiff in his counterclaim?  Answer: ........ ... ..

"5. Is the defendant's claim barred by the statute of limitations? Answer:  ............"-

At the close of the evidence, the court ruled that there was no evidence tending to show that the plaintiff had ratified the contract between its agent, George C. Dodge, and the defendant, and was thereby estopped from maintaining this action, and accordingly withdrew from the jury the 3d, 4th, and 5th issues, and submitted to the jury only the 1st and 2d issues.

The first issue was answered by the jury "No," and the second issue, "$455.52, with interest from 5 August, 1932."

From judgment that plaintiff recover of the defendant the sum of $455.52, with interest from 3 August, 1932, until paid, and the costs of the action, the defendant appealed to the Supreme Court, assigning errors in the trial.

*W. D. Boone for plaintiff.*
*J. H. Matthews for defendant.*

CONNOR, J.  At the trial of this action, the evidence for the plaintiff tended to show that during the years 1931 and 1932, George C. Dodge was the agent of the plaintiff, and that as such agent he sold and delivered at his filling stations in Elizabeth City, N. C., gasoline and petroleum products which were delivered to him by the plaintiff for that purpose.  The said George C. Dodge agreed to account to the plaintiff for all gasoline and petroleum products which were delivered to him as agent of the plaintiff and for the proceeds of all sales made by him of such gasoline and petroleum products.

There was no evidence for the defendant to the contrary.

The evidence for the defendant tended to show that during the years 1931 and 1932 the defendant Chas. H. Jenkins was engaged in business at Elizabeth City, N. C., under the name and style of Chas. H. Jenkins Buick Company, and that during said years George C. Dodge was

engaged in the business of selling and delivering gasoline and petroleum products at filling stations in Elizabeth City, N. C., which were owned and operated by him; that on or about 30 May, 1931, the defendant sold to the said George C. Dodge an oil tank truck, which the said George C. Dodge purchased and used in conducting his business.

The purchase price of said truck was $1,025. In part payment of said purchase price, the said George C. Dodge executed and delivered to the defendant his note for the sum of $220.00. The remainder of said purchase price was financed by a Finance Corporation. George C. Dodge failed to make a payment of $78.62 to said Finance Corporation when the same became due, and the defendant was required to make and did make said payment for him. During the fall of 1932, the truck which the defendant had sold to the said George C. Dodge was badly damaged in a wreck. At his request, the defendant repaired said truck at a cost of $318.22.

The evidence for the defendant tended to show further that at the time the defendant sold the truck to the said George C. Dodge, at the time the defendant made the payment to the Finance Corporation for him, and at the time the defendant repaired the truck after it was damaged in the wreck, it was agreed by and between the defendant and the said George C. Dodge that the amounts due by defendant to the said George C. Dodge for gasoline and petroleum products which were sold and delivered to the defendant, from time to time, by the said George C. Dodge at his filling stations in Elizabeth City, N. C., should be applied as payments on the indebtedness of George C. Dodge to the defendant; that pursuant to such agreement the defendant purchased gasoline and petroleum products, from time to time, from the said George C. Dodge, and the amounts due by reason of such purchases were applied to said indebtedness, leaving a balance due now on said indebtedness of $512.98.

There was no evidence for the plaintiff to the contrary.

The evidence for the defendant tended to show further that if in fact the said George C. Dodge was the agent of the plaintiff, as alleged in the complaint, and as such agent sold and delivered to the defendant the gasoline and petroleum products shown on the statement of account attached to the complaint, the defendant had no notice of such agency and was ignorant of such fact.

There was evidence for the plaintiff to the contrary.

The evidence for the defendant tended to show further that on or about 1 November, 1932, the plaintiff for the first time presented the statement of account attached to the complaint to the defendant at his place of business in Elizabeth City, N. C., and demanded payment by the defendant of said account; that the defendant had no notice prior to said date that plaintiff contended that George C. Dodge was its agent

during the years 1931 and 1932, and as such sold and delivered gasoline and petroleum products of the defendant at his filling stations in Elizabeth City, N. C.; that defendant immediately informed the plaintiff of his agreement with the said George C. Dodge with respect to the application of the amounts due by him for gasoline and petroleum products which he had purchased from the said George C. Dodge as payment on the indebtedness of the said George C. Dodge to the defendant; that at the request of the plaintiff, the defendant furnished it an affidavit setting out his agreement with the said George C. Dodge, and the amount of his indebtedness at that time to the defendant; and that plaintiff thereupon stated to the defendant that it would collect the amount of the account from George C. Dodge, or from the surety on his bond to the plaintiff.

There was evidence for the plaintiff to the contrary.

The evidence for the defendant tended to show further that from 1 November, 1932, to 3 May, 1935, when this action was begun, the defendant had no notice, from the plaintiff or otherwise, that plaintiff had failed to collect said account from George C. Dodge, or from the surety on his bond to the plaintiff, and that in the meantime the defendant relied upon the assurance of the plaintiff that it would collect the account from the said George C. Dodge, or the surety on his bond to the plaintiff, and made no effort, because of such reliance, to collect the indebtedness due him by the said George C. Dodge. An action by the defendant to collect said indebtedness would now be barred by the statute of limitations.

There was evidence for the plaintiff to the contrary.

At the close of the evidence, the trial court was of opinion that there was no evidence tending to show that the plaintiff had ratified the agreement of its agent, George C. Dodge, with the defendant with respect to the application of the amounts due or to become due by the defendant for gasoline and petroleum products sold and delivered to him by the said George C. Dodge, at his filling stations in Elizabeth City, N. C., as payments on the indebtedness which the said George C. Dodge had incurred to the defendant, and was thereby estopped from maintaining this action against the defendant, and accordingly withdrew the 3d, the 4th, and the 5th issues from the consideration of the jury. In this there was error, for which the defendant is entitled to a new trial. If the jury shall find from the evidence the facts to be as the defendant contends, and shall answer the 3d, or a similar issue, in the affirmative, the plaintiff will not be entitled to recover of the defendant in this action. The principle applicable in that event has been stated by *Walker, J.,* in *Wells v. Crumpler,* 182 N. C., 351 (page 358), 109 S. E., 49, as follows:

"Where a party who has, or claims a right, either openly and un-

equivocally abandons it, or does not assert it when he should do so, and induces another by his silence or conduct to believe that the right does not exist, or that he makes no claim to it, if he has it, and abandons and surrenders it, and the other party, acting upon such conduct as it was intended that he should do, and is induced thereby to do something by which he will be prejudiced, if the party who so acted is permitted to recall what he has done, equity steps in and protects the party thus misled to his prejudice, and will forbid the other to speak and assert his former right, when every principle of good faith and fair dealing requires and even demands that he should be silent."

The defendant is entitled to a new trial.   It is so ordered.

New trial.