PERCY B. HOLDEN v. W. L. TOTTEN, NORTH CAROLINA JOINT STOCK LAND BANK OF DURHAM AND H. K. COBB, SHERIFF OF GREENE COUNTY.

(Filed 18 October, 1944.)

**1. Judgments §§ 22b, 22h—**

A void judgment may be attacked at any time and any place where it might injure or defeat a substantial right; and, ordinarily, the aid of the law to prevent its enforcement may be invoked in the jurisdiction where the injury is threatened.

**2. Quieting Title § 1: Judgments § 22h—**

    An action to quiet title or to remove a cloud from title is equitable in its nature, and now may be maintained to remove from title a cloud created by the apparent lien of an invalid judgment docketed in the county where the land lies. G. S., 41-10.

**3. Quieting Title § 2—**

    In an action to remove a cloud from plaintiff's title, allegedly caused by a judgment against plaintiff docketed in the county in which the land is situated, where the evidence tends to show that the judgment recited that it was rendered at a certain term before a specified judge, when it was actually signed by a different judge at a subsequent term, there is sufficient evidence to justify the continuance of an injunction to the hearing.

APPEAL by defendant W. L. Totten from *Frizzelle, J.,* 29 April, 1944, in Chambers. From GREENE.

The plaintiff instituted the present action in the Superior Court of Greene County to remove a cloud from the title of his lands in Greene County, attacking the judgment below mentioned as void or fully satisfied, and constituting no lien upon said lands, and sued out a restraining order to prevent enforcement of the said judgment.

The following appeared in the evidence at the hearing:

On 25 October, 1934, the North Carolina Joint Stock Land Bank of Durham caused to be docketed in the office of the clerk of the Superior Court of Durham County a purported judgment, as follows:

NORTH CAROLINA　　　　　　　　　　IN THE SUPERIOR COURT
DURHAM COUNTY

    North Carolina Joint
      Stock Land Bank
          v.　　　　　　　　　　JUDGMENT.
Sol Cherry and wife, Emma May
Britt Cherry, W. M. Warren and
Percy B. Holden.

This cause coming on to be heard before His Honor, Judge G. V. Cowper, at the October Term of Court at Durham, North Carolina, and it appearing that the summons in this action together with the verified complaints have been returned as personally served on each of the defendants and that the defendants have failed to file an Answer to the matters and things alleged in the Complaint within the time required by law, the satisfactory proof of the cause of action having been made to the Court; it is ordered and adjudged that the plaintiff recover of

the defendants the sum of Two Thousand Two Hundred Sixty-Three and 39/100 Dollars ($2,263.39), with interest on same from January 10, 1933, together with the costs of this action.

E. H. CRANMER,
Clerk of Superior Court.

Done this 25th day of October, 1934.

Thereafter, to wit, on 25 May, 1935, a transcript of said judgment was docketed in the Superior Court of Greene County, as follows:

NORTH CAROLINA                                    IN THE SUPERIOR COURT
DURHAM COUNTY

North Carolina Joint Stock ⎤
  Land Bank of Durham    ⎬ TRANSCRIPT OF JUDGMENT.
          v.              ⎪
Sol Cherry and wife, et als. ⎦

Judgment in the above entitled action was rendered for the plaintiff before the Judge holding the October Term of Superior Court, 1934, Durham County. Upon the hearing of allegations and proofs on motion of plaintiff's attorney, judgment was rendered in favor of the North Carolina Joint Stock Land Bank of Durham, the above named plaintiff, against Sol Cherry and wife, Emma May Britt Cherry, W. M. Warren and Percy B. Holden, the defendants, in the sum of $2,263.39, with interest from June 10, 1933. Cost $10.80 and .95.

I, James R. Stone, Assistant Clerk of the Superior Court of said County, do hereby certify that the foregoing is a true and perfect Transcript from the Judgment Docket in my office.

(See Judgment Docket No. 15, page 125.)

In Testimony Whereof, I have hereunto set my hand and affixed the seal of said County in my office in Durham, N. C., on the 22 day of May, 1935.                           JAMES R. STONE,
Assistant Clerk of Superior Court.

Filed May 25, 1935.

Recorded May 25, 1935.

J. E. MEWBORN,
Clerk Superior Court of Greene County.

Thereafter, on 12 July, 1935, the following transcript was sent from the office of the clerk of the Superior Court of Durham County to the

office of the clerk of the Superior Court of Greene County, and there docketed:

In accordance with Section 636 of the Revisal of 1905, I do hereby certify that the following entry was made on the 10th day of July, 1935, relative to the satisfaction of the judgment in the above entitled action, a transcript of which was sent to your County to be docketed on the 22nd day of May, 1935, which entry of satisfaction you are also required by said section to make in such Judgment on your Judgment Docket and file this Certificate with said transcript on file in your Office Judgment as to W. M. Warren satisfied, July 10th, 1935.

NORTH CAROLINA JOINT STOCK LAND BANK
OF DURHAM, N. C.

By: J. S. PATTERSON, Attorney.

Witness: A. J. GRESHAM, Deputy.

DURHAM COUNTY ss

I, A. J. Gresham, Deputy Clerk of the Superior Court of said County, do hereby certify that the foregoing is a true and perfect transcript from the Judgment Docket in my office.

Witness my hand and official seal at office in Durham, N. C., this 10th day of July, 1935.

A. J. GRESHAM, C. S. C.,

Deputy.

Filed July 12, 1935.

Recorded: July 13, 1935.

J. E. MEWBORN, Clerk Superior Court.

It was in evidence and not disputed that Warren had not been served with summons.

It further appeared that Judge G. V. Cowper held the term of Durham County Superior Court beginning on 22 October, 1934, and ending on 27 October, and that Judge Cranmer held the court during the following week from 29 October. In putting the judgment upon the Minute Docket, the clerk of the Superior Court of Durham County testified that, aware of these facts, he had eliminated from the written judgment the name of Judge Cowper, placing in its stead the name of Judge Cranmer, and also struck out Clerk and substituted therefor Judge under the signature of Judge Cranmer. He testified that Judge Cranmer actually signed the judgment as it was handed up to him as he would sign a judgment by default, without hearing evidence. He further

testified that it was from this Minute Docket the transcript was sent to Greene County.

At the hearing on the order to show cause on the restraining order, the defendant moved to dismiss the action for that the Superior Court of Greene County had no jurisdiction, and the motion was denied. The injunction was continued to the hearing, and defendant W. L. Totten objected, excepted and appealed.

*J. Faison Thomson and Kenneth A. Pittman for plaintiff, appellee.*
*Bennett & McDonald for defendant, appellant.*

SEAWELL, J. Four questions were raised and argued here: (a) Whether the Superior Court of Greene County had jurisdiction in the matter; (b) whether the judgment signed by Judge Cranmer is void; (c) whether the entry made on the judgment docketed canceling the judgment as to W. M. Warren had the effect of releasing the other defendants; and (d) whether, under all the evidence, such a judgment constituted a cloud on the title.

We do not consider it proper to go any deeper into the merits of these questions than may be necessary to decide as to the propriety and validity of the order continuing the injunction to the hearing. We are, however, of the opinion that the allegations and supporting evidence are sufficiently meritorious to justify the continuance of the injunction—in protection of the *res*—until the matters can be more fully heard and determined by the trial court.

As to the jurisdiction of Greene County Superior Court to entertain this case and grant injunctive relief, we think it proper to say that, while we leave to the court below to say upon its hearing whether the judgment here challenged is of that character, a void judgment may be attacked at any time and any place where it might injure or defeat a substantial right; *Monroe v. Niven,* 221 N. C., 362, 20 S. E. (2d), 311; *Clark v. Carolina Homes,* 189 N. C., 703, 128 S. E., 20; *Hargrove v. Wilson,* 148 N. C., 439, 62 S. E., 520; and, ordinarily, the aid of the law to prevent its enforcement may be invoked in the jurisdiction where the injury is threatened.

An action to quiet title or to remove a cloud from the title is equitable in its nature, and may now be maintained to remove from the title a cloud created by the apparent lien of an invalid judgment docketed in the county where the land lies, the original statute having been enlarged by amendment to that effect by chapter 763, Public Laws of 1903. G. S., 41-10, par. 2, and historical annotations.

Originally, such an action could only be maintained as against a contrary claim for an interest in the land. In enlarging the statute to cover the subject indicated, the statute now provides:

"In any case in which judgment has been or shall be docketed, whether such judgment is in favor of or against the person bringing such action, or is claimed by him, or affects real estate claimed by him, or whether such judgment is in favor of or against the person against· whom such action may be brought, or is claimed by him, or affects real estate claimed by him, the lien of said judgment shall be such claim of an estate or interest in real estate as is contemplated by this section."

Treated as such an interest or claim of interest in the land, the venue is as laid down in G. S., 1-76 (1). See further annotations G. S., 41-10.

We have no doubt that had the sole relief sought been to declare the judgment here attacked void, an action for that purpose might have been brought in Durham County Superior Court, where the challenged judgment was rendered. This, however, does not affect the jurisdiction in the Superior Court of Greene County upon the cause of action stated in the complaint.

This question of jurisdiction has been directly raised here, and we have felt it consistent with the practice of the Court to deal with it, since, as the cause is determinable on that point, it would end the controversy. As to other matters, we express no opinion, except to say that there appears sufficient merit in plaintiff's cause to justify the continuance of the injunction to the hearing.

Therefore, the order to that effect by Judge Frizzelle is

Affirmed.