SOUTHERN RAILWAY COMPANY v. MECKLENBURG COUNTY AND JESSIE C. SMITH, TREASURER OF MECKLENBURG COUNTY.

(Filed 23 November, 1949.)

**1. Counties § 1—**

A county is a governmental unit of the State stemming from the common law and existing for the purpose of maintenance of law and order and to assure a large measure of local self-government. N. C. Constitution, Art. VII, sec. 1.

**2. Counties § 2—**

What is necessary in the discharge by a county of its governmental functions is largely within the discretion of the governing board of the county, subject to legislative limitations, and a county may levy taxes within constitutional limitations to provide funds necessary to the discharge of its governmental functions without legislative intervention.

**3. Same—**

An indispensable governmental function of a county is to secure the public safety by enforcing law, maintaining order, preventing crime, apprehending criminals, and protecting its citizens in their person and property, which function the county officials have no right to disregard and no authority to abandon.

**4. Same—**

While the Legislature has authority to place any group of law enforcement officers in a county under the supervision of an agency other than the sheriff, its action in doing so does not alter the essential nature of their work nor the purpose of expenditures for their maintenance.

**5. Taxation § 2—**

A purpose which involves a regularly recurring expenditure in the performance of a duty or the exercise of a power which is essential to government and which has been delegated to the county unit of government, is a general rather than a special purpose within the meaning of Art. V, sec. 6, of the Constitution of N. C.

**6. Same—**

Expenditures by a county for maintenance of a rural police force is for a continuing expense in furtherance of an indispensable function of county government, and therefore is for a general county purpose within the meaning of the constitutional limitation on the tax rate for such purposes. Constitution of N. C., Art. V, sec. 6.

APPEAL by defendants from *Bobbitt, J.,* in Chambers, 8 October 1949, MECKLENBURG. Affirmed.

Civil action to recover *ad valorem* taxes alleged to have been wrongfully levied and collected.

In 1917 the Board of Commissioners of Mecklenburg County, acting under legislative authority, created and organized a rural police force under the general control and direction of the sheriff of the county "to patrol and police the County; to detect and prevent the violation of the criminal laws . . . to make arrests . . . to report his acts in all known or suspected violations of the criminal laws to the Sheriff of the County . . ."

The Legislature, by Chap. 612, P.L.L. 1925, transferred the supervision of this police force from the sheriff to the Board of County Commissioners. Later, supervisory power was vested in a Civil Service Board, the members of which are appointed by the resident judge. Chap. 20, P.L.L. 1933; Chap. 75, P.L.L. 1935.

Until 1947 the rural police force was maintained out of the general fund of the county. In that year, by Chap. 638, Session Laws 1947, the Legislature declared the maintenance of the rural police force "a special purpose" and authorized the Board of County Commissioners "to annually levy, impose and collect special taxes upon all taxable property in said county not to exceed ten cents (10c) upon each one hundred dollars ($100.00) of valuation of such property and over and above any taxes allowed by the constitution, for the special purpose of paying the costs and expenses of the maintenance and operation of a rural police force in said county."

Pursuant to this authority the County Board of Commissioners levied for the year 1947 $.0757 for said "special purpose," the assessment against plaintiff being in the sum of $3,276.86. Plaintiff paid the assessment made against it under protest and now sues to recover.

In the court below the plaintiff moved for judgment on the pleadings. Upon hearing the motion, the court found and concluded "that the expense of maintaining the rural police force in Mecklenburg County is an annually recurring expense for the general purpose of law enforcement within the said County, and that it is not a special purpose within the meaning of Article V, Section 6 of the Constitution." It further found that $.0202 of said levy comes within the total permissible levy for general purposes. Thereupon, judgment was entered for the excess in the sum of $2,402.45, with interest, and defendant excepted and appealed.

*W. T. Joyner, Robinson & Jones, and John M. Robinson, Jr., for plaintiff appellee.*

*Taliaferro, Clarkson & Grier for defendant appellants.*

BARNHILL, J. That the cost of maintaining a rural police force in Mecklenburg County for the better enforcement of the law and the security of the public safety is a necessary expense of county government is conceded. Is it a "general purpose" or a "special purpose" expense within the meaning of Art. V, sec. 6 of the Constitution? This is the one question posed for decision. The court below answered in favor of plaintiff. In this conclusion we concur.

The creation of counties as subdivisions of the state originated in England even before the organization of the kingdom itself. *Bignell v. Cummins,* 36 A.L.R. 634; 14 A.J. 185. Their existence and their functions in the administration of the law were so well recognized that those who drafted our original Constitution did not deem it necessary to provide for their creation or to define their powers. Instead, they assumed their existence as a constituent part of the state government. N. C. Const. of 1776, sec. 38; N. C. Const., Art. VII, sec. 1.

They are subdivisions of the State, established for the more convenient administration of government and to assure a large measure of local self-government. Their powers which are intrinsically governmental stem from the common law. Legislative acts supplement, modify, or curtail those powers to meet the needs of a changing civilization. Generally speaking they possess such governmental powers as are necessary to be exercised in the enforcement of the law, the maintenance of the peace, and the protection of the people within their boundaries, subject to such limitations as the Legislature may deem it wise to impose, 14 A.J. 185, and are vested by the Constitution with the power to tax for these purposes. N. C. Const., Art. V, sec. 6.

In the absence of legislative direction or limitation, what is needful in the discharge of these intrinsically governmental functions is largely within the discretion of the governing board of the county, and it may

levy taxes, within constitutional limitations, to provide the necessary funds, without legislative intervention.

One of the primary duties of the county, acting through its public officers, is to secure the public safety by enforcing the law, maintaining order, preventing crime, apprehending criminals, and protecting its citizens in their person and property. This is an indispensable function of county government which the county officials have no right to disregard and no authority to abandon.

The sheriff is the chief law enforcement officer of the county. 47 A.J. 839; 57 C.J. 779. Yet it may not be gainsaid that the Legislature has authority to place any group of law enforcement officers in a county under the supervision of some other agency. *Commissioners v. Stedman,* 141 N.C. 448. Even so, the essential nature of their work and the purpose of the expenditures for their maintenance remain the same, whether they are directed by the sheriff, the board of commissioners, or some other agency. Neither the county nor the Legislature can enlarge the taxing power of the county under the provisions of Art. V, sec. 6 of the Constitution by merely making the law enforcement agency of the county independent, in whole or in part, of the sheriff's office.

We come then to this question: Are taxes levied to provide funds for the maintenance of law enforcement officers levied for a general or a special purpose? The answer would seem self-evident.

"Definitions build fences around words." Therefore, prudence dictates caution in attempting to give an all-inclusive definition of "general purpose." Suffice it to say that a purpose which involves a regularly recurring expenditure, in the performance of a duty or the exercise of a power which is essential to government and which has been delegated to the county unit of government—such as the enforcement of the law and the administration of justice—is a general rather than a special purpose as that term is used in the Constitution. *Power Co. v. Clay County,* 213 N.C. 698, 197 S.E. 603; *Henderson v. Wilmington,* 191 N.C. 269, 132 S.E. 25.

The rural police force of Mecklenburg County was organized and is being maintained to secure the public safety. This is emphasized by allegations in the answer. Members of the force in 1947 made 4,984 arrests for traffic violations and 2,955 arrests for other causes. They made 1,226 major investigations, recovered stolen property of the value of $59,684.70, and procured convictions which netted $105,860.89 in fines and forfeitures and $18,011.70 in court costs. The funds for its maintenance must be raised by a tax levied from year to year and expended from month to month. The expense is continuing and is in furtherance of an indispensable function of county government. Necessarily then, the tax is levied for a general rather than a special purpose.

The defendants have made a laudable and seemingly successful effort to create and maintain a law enforcement agency entirely removed from the realm of politics. In so doing, however, they did not convert a "general purpose" service into a "special purpose" activity and thereby increase the taxing power of the county.

The judgment of the court below is

Affirmed.