WALTER T. WASHINGTON AND PAULINE CHAVIS v. J. G. McLAWHORN AND WIFE RUBY McLAWHORN, JESSIE MITCHELL AND WIFE NELLIE MITCHELL, J. G. McLAWHORN, JR., INDIVIDUALLY, AND AS ADMINISTRATOR OF J. G. McLAWHORN; ALSO HIS WIFE ANNIE BELLE McLAWHORN, CECIL McLAWHORN AND WIFE MILDRED McLAWHORN, ELIZABETH McLAWHORN RADFORD AND HUSBAND J. CLIFTON RADFORD, HAZEL McLAWHORN DANDY AND HUSBAND ROBERT DANDY.

(Filed 8 April, 1953.)

**1. Taxation § 40g—**

Where the complaint alleges that land was sold by a commissioner pursuant to a tax foreclosure in which all the heirs at law of the deceased tax debtor were made parties, *held* the allegations disclose that the court had jurisdiction, and the tax foreclosure cannot be collaterally attacked.

**2. Judgments § 25—**

A void judgment is no judgment, and may always be treated as a nullity.

**3. Same—**

An irregular judgment is not subject to collateral attack but may be assailed only by a motion in the cause.

**4. Estoppel § 5—**

An equitable estoppel arises as the result of voluntary conduct of one party which would render it unconscionable for him to assert a right or remedy against another party who has relied in good faith upon such conduct and has been led thereby to change his position for the worse.

**5. Taxation § 40g—**

Allegations to the effect that a county, after receiving tax deed to certain property, did not claim ownership of the land, that it reconveyed to other tax debtors, upon the payment of the taxes, other lands purchased by it at other tax foreclosures at about the same time, and did not assert ownership of the land in controversy in a subsequent suit involving title, although it was a party in such suit, without allegation of the tax debtors that they had offered to pay the taxes or that they had been led to believe the county would waive the taxes, *is held* insufficient to state an estoppel against the county.

**6. Estoppel § 10—**

A county is not subject to an estoppel to the same extent as an individual or a private corporation, and a county is subject to be estopped only in instances in which an estoppel will not impair the exercise of the governmental powers of the county.

**7. Adverse Possession § 16—**

Where the only color of title set up in the complaint is a deed executed less than seven years before the institution of the action, the complaint cannot state a cause of action for the acquisition of title by adverse possession under color of title.   G.S. 1-38.

**8. Pleadings § 15—**

 ·A demurrer .does not admit any legal inferences or conclusions of law
asserted by the pleader.

·APPEAL by plaintiffs from *Stevens, J.,* August-September Term 1952.
WAYNE.

This is a civil action in which the plaintiff Walter T. Washington
alleges that he is the owner and entitled to the immediate possession of
five-sevenths of the lot of land described in the complaint and also of the
dower interest of Mary E. Winn in one-seventh of the land; and the
plaintiff Pauline Chavis alleges that she is the owner and entitled to the
immediate possession of one-seventh of the said lot of land.

The material allegations of the complaint and amended complaint are
summarized as follows: the numbers of this summary do not correspond
with the numbers of the aforesaid pleadings. The amended complaint in
substance alleges the death of J. G. McLawhorn, and who his heirs at law
are, and that they be made parties defendants. This is a summary of the
complaint.

*First.* On 1 January 1873, W.. G. Hollowell and wife conveyed to
Georgina Sasser by deed a tract of land containing one acre more or less,
and described in the complaint, situate in Goldsboro Township, Wayne
County. The deed is registered in Book 86, p. 588, in the Register of
Deeds' office, Wayne County.

*Second.* On ..... ...day of....... . ......., 18 ... , Georgina Sasser married
Hillary Washington. The issue of said marriage was the plaintiff Walter
T., Arnold, Penny H., John, Mary E., Phoebe A., and Paul.

*Third.* Mary E. Washington married Levy Winn, who is dead, leav-
ing him surviving his widow Mary E., and one child Leo, who is of age.

· *Fourth.* Paul Washington married. He and his wife are dead leaving
one child, Pauline Chavis, a widow, who is of age and one of the plaintiffs.

*Fifth.* The land has never been divided and all the parties interested
are tenants in common.

*Sixth.* On 30 November 1929, Wayne County instituted a tax suit
against all the aforesaid heirs at law of Georgina Washington and Susie
Borden, Guardian of Hillary Washington, alleging taxes due on the land
in the amount of $70.41. As a result of this action, on 15 February
1933, E. A. Humphrey, Commissioner, conveyed to Wayne County the
said tract of land, which deed is recorded in the public registry of Wayne
County in Book 223, p. 46. That Wayne County never claimed the
ownership of the land. That about the time said action was instituted,
Wayne County instituted numerous tax suits, and received numerous tax
deeds in said suits, but because the considerations in the deeds were out
of all proportion to the value of the lands and irregularity in the proceed-

ings Wayne County has never claimed such lands, and has permitted the owners of the lands so conveyed to pay the taxes recited in the deeds and reconveyed the lands to the owners or canceled the deeds of record.

*Seventh.* That since the execution of the deed to the County on 15 February 1933, "the plaintiffs and the defendants have been in the adverse possession of the aforesaid parcel of land under known and visible lines under color of title; the County of Wayne not claiming it, and therefore such adverse possession for more than 18 years precludes the County from any right, title or interest therein."

*Eighth.* Georgina Sasser Washington and her husband Hillary Washington died prior to 11 February, 1937. On 11 February, 1937, the City of Goldsboro instituted a suit against Georgina Washington and husband to sell said land for past-due taxes. That none of the heirs at law of Georgina Washington were made parties. On the .. .. day of ..............., 1937, an order was made in said suit appointing Dortch Langston a Commissioner, and authorizing a sale of the land; "but a search of the records fails to disclose any sale thereunder; it is recorded in Book of Tax Sales No. 2, p. 200." The County of Wayne was made a party defendant, and filed answer in which it made no claim of being owner of the land, but alleged the same taxes were past due that were alleged past due in the action brought by the County on 30 November, 1929, thereby indicating the County made no claim of ownership of the land conveyed to it by Humphrey in said action, and "the County is estopped either from claiming the land or asserting the validity of the deed therefor."

*Ninth.* The City of Goldsboro and the County of Wayne claiming ownership of the land advertised the land for sale, and at the sale J. G. McLawhorn became the last and highest bidder in the amount of $100.00. On 7 July, 1947, the City and County executed and delivered to him a deed for the land, which is recorded in the public registry of Wayne County. The plaintiffs allege that neither the City nor County had any interest in the land.

*Tenth.* Georgina Washington died on 21 August, 1918, and Hillary Washington on..........day of..................., 19... , prior to the institution of the action by the City; that none of their heirs were named defendants, and as to them the action is a nullity and void; and the plaintiffs ask that the papers in said suit be made a part of their complaint.

*Eleventh.* On 10 June, 1923, the plaintiff conveyed his interest in said land to Levy Winn by deed properly recorded.

*Twelfth.* On 30 October, 1945, J. G. McLawhorn and wife Ruby, executed and delivered a portion of the land containing by estimation one-half of an acre, more or less (this paragraph of the complaint does not allege what was executed and delivered); the next paragraph of the

complaint alleges the deed from the City and County to J. G. McLawhorn was void, as neither owned said land.

*Thirteenth.* The deed from J. G. McLawhorn and wife to Jessie Mitchell and wife is void, because the grantors had no title.

*Fourteenth.* On..........day of June, 1951, Arnold Washington and wife, Penny H. Lindsay and husband, John Washington and wife, Mary E. Winn, a widow, and Phoebe A. Clay and husband conveyed to Walter T. Washington by deed properly recorded all of their rights, title, etc., to the land.

*Fifteenth.* That the plaintiff Walter T. Washington is the owner of five-sevenths of the land, and of the dower interest of Mary E. Winn in one-seventh of the land; and Pauline Chavis is the owner of one-seventh of said land, and that the court declare them the owners of such title and interests, and entitled to the immediate possession of the land.

The original summons was served on Ruby McLawhorn, Jessie Mitchell, and Nellie Mitchell, and not served on J. G. McLawhorn, who was dead. Whereupon by order of court the children and heirs at law of J. G. McLawhorn, with their respective husbands or wives and the administrator of J. G. McLawhorn, were made parties defendants—the administrator being a son.

Leo Winn, who is alleged in the complaint to be over 21 years of age, is not a party. The County of Wayne is not a party. The City of Goldsboro is not a party.

The defendants demurred on two grounds: first, a misjoinder of causes of action; and second, that the plaintiffs' complaint does not state facts sufficient to constitute a cause of action and that the matters and things alleged as an estoppel against the County of Wayne are insufficient to constitute an estoppel.

The trial court sustained the demurrer on both grounds.

From the judgment sustaining the demurrer, the plaintiffs appealed to the Supreme Court, assigning error.

*George E. Hood and N. D. White for plaintiffs, appellants.*
*Herbert B. Hulse and George R. Britt for defendants, appellees.*

PARKER, J. The plaintiffs allege that on 30 November 1929, Wayne County instituted a suit against all the heirs at law of Georgina Sasser Washington, who died on 21 August 1918, and the guardian of her husband, for past-due taxes on the land described in the complaint, and as a result of the action E. A. Humphrey, Commissioner, on 15 February 1933, conveyed the said lot of land to Wayne County by deed registered in Book 223, p. 46, in the Register of Deeds' office of the county. The plaintiffs further alleged that the County of Wayne, though it had a deed

for the land, never claimed the ownership thereof. That about the same time the County instituted numerous tax suits and secured tax deeds, but in all these suits has never claimed the lands, permitting the former owners to pay the taxes and reconveying the land or canceling the deeds of record. That on 11 February 1937, the City of Goldsboro instituted an action to sell this land for taxes; that the defendants were the County of Wayne and Georgina S. Washington and husband, both of whom at the time were dead. The complaint further alleges that in its answer the County made no claim to own the land conveyed to it by Humphrey, Commissioner, but asserted that the same taxes due to it on this land in 1929 was still due it, and that Wayne County is estopped either from claiming the land or asserting the validity of its tax deed from Humphrey, Commissioner.

The complaint further alleges a search of the records fails to disclose a sale of said land in the City's suit, but that the City and County advertised the land for sale; that J. G. McLawhorn bid it in, and the City and County executed and delivered to him a deed for the land on 7 July 1947, which is properly recorded. On 30 October 1945, J. G. McLawhorn and wife conveyed by deed, properly recorded, a portion of said land to Jessie Mitchell and wife. According to the complaint the deed from McLawhorn to Mitchell antedated by nearly two years the deed from the City and County to McLawhorn.

The complaint alleges that since the County of Wayne received a deed for said lot from Humphrey, Commissioner, on 15 February 1933, the plaintiffs and the defendants have been in the adverse possession of said land. In the prayer for relief in the complaint a like statement appears.

Construing the complaint and amended complaint liberally there are no factual averments and no relevant inferences to be deduced that the orders and judgment in the suit brought by the County of Wayne, and the deed of Humphrey, Commissioner, to the County of Wayne on 15 February 1933, or any of them, are void, so that the judgment may be collaterally attacked. The complaint alleges that all the heirs at law of Georgina Washington and the guardian of her husband were made parties. That gave the court jurisdiction. A void judgment is no judgment, and may always be treated as a nullity. *Moore v. Packer,* 174 N.C. 665, 94 S.E. 449; *Harrell v. Welstead,* 206 N.C. 817, 175 S.E. 283; *Holden v. Totten,* 224 N.C. 547, 31 S.E. 2d 635. If the judgment in this suit by the County is irregular, it can only be assailed by a motion for the purpose in that suit. *Moore v. Packer, supra; Harrell v. Welstead, supra.* It cannot be collaterally attacked as an irregular judgment.

Therefore, according to the allegations of the plaintiffs' pleadings the deed of Humphrey, Commissioner, conveyed to Wayne County a valid legal title to the lot of land, and the heirs at law of Georgina Washington

were divested of all title and interest in said land. However, the complaint alleges that the County is estopped to assert the validity of its deed from Humphrey, Commissioner. The plaintiffs do not allege any estoppel against J. G. McLawhorn, or his heirs at law, nor any estoppel against Jessie Mitchell and his wife, who bought a part of the land from McLawhorn. The County of Wayne is not a party to this action.

"Equitable estoppel is defined as 'the effect of the voluntary conduct of a party whereby he is absolutely precluded both at law and in equity, from asserting rights which might perhaps have otherwise existed, either of property, of contract or of remedy, as against another person who in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right either of contract or of remedy.' " *Bank v. Winder,* 198 N.C. 18, 150 S.E. 489. See also *Oil Co. v. Jenkins,* 212 N.C. 140, 193 S.E. 33; *Self Help Corp. v. Brinkley,* 215 N.C. 615, 2 S.E. 2d 889.

There are no allegations in the complaint that the plaintiffs have been led in any way by the County to change their position for the worse; no allegation that they offered to pay the taxes and the County put them off, nor that they were led to believe the County would waive the taxes. The allegations liberally construed fail to allege an estoppel.

Counties are subdivisions of the State, established for the more convenient administration of justice and to assure a large measure of local self-government. *R. R. v. Mecklenburg County,* 231 N.C. 148, 56 S.E. 2d 438. A county is not subject to an estoppel to the same extent as an individual or a private corporation. Otherwise, it might be rendered helpless to assert its powers in government. However, an estoppel may arise against a county out of a transaction in which it acted in a governmental capacity, if an estoppel is necessary to prevent loss to another, and if such an estoppel will not impair the exercise of the governmental powers of the county. 19 Am. Jur., Estoppel, pp. 818 and 819. In *Henderson v. Gill, Comr. of Revenue,* 229 N.C. 313, 49 S.E. 2d 754, the facts were these. The plaintiffs, who were florists, grew flowers upon their own lands and sold these flowers and also flowers purchased from wholesalers. The sale of flowers grown by them on their own land was not exempt from the North Carolina sales tax. A collector of the Department of Revenue advised the plaintiffs that sales of flowers grown on their own land were not subject to the North Carolina sales tax. Subsequently, the Department of Revenue forced payment of sales tax on such sales and plaintiffs entered suit to recover the tax paid under protest. Plaintiffs were unable to collect sales tax from the purchasers of the flowers grown on their lands on these past transactions. The plaintiffs contended that the defendant was estopped to collect this tax. The Court said: "These facts, however potent in creating an estoppel in ordinary transactions between

individuals, do not estop the State in the exercise of a governmental or sovereign right."

In *Raleigh v. Fisher*, 232 N.C. 629, 61 S.E. 2d 897, the Court said: "A municipality cannot be estopped to enforce a zoning ordinance against a violator by the conduct of its officials in encouraging or permitting such violator to violate such ordinance in times past." (Citing numerous authorities.)

The collection of taxes by a county is the exercise of a governmental right, and in the collection of taxes the County of Wayne cannot be estopped under the facts alleged in this action to assert the validity of the title it received to this land by virtue of the deed of Humphrey, Commissioner. A contrary decision would lead to chaos and endless disputes in the collection of county taxes.

The plaintiffs further allege that they and the defendants have been in the adverse possession of this land "under color of title for more than 18 years, and this precludes the county from claiming any ownership thereof."

According to the allegations of the complaint, the plaintiff Walter T. Washington on the ...... day of June, 1951, received a deed from his living brothers and sisters purporting to convey to him their interest in said land. That is the only color of title he has, and it takes 7 years adverse possession under color of title to make such possession a perpetual bar against all persons not under disability. G.S. 1-38. According to the complaint, Pauline Chavis has no color of title. There is no allegation in the complaint of adverse possession for 20 years by the plaintiffs under G.S. 1-39 and G.S. 1-40.

A demurrer does not admit any legal inferences or conclusions of law asserted by the pleader. *McKinney v. High Point, ante,* 66, 74 S.E. 2d 440.

Construing liberally the complaint and amended complaint as a whole, it appears and we so hold that the plaintiffs have no title, right or interest in the parcel of land, and the complaint and amended complaint do not state facts sufficient to constitute a cause of action. On that ground the demurrer must be sustained.

When the City of Goldsboro, on 11 February, 1937, instituted suit for unpaid taxes on the parcel of land, the heirs at law of Georgina S. Washington had no title or interest in the land, and there was no need to make them parties. We are not required to pass on the validity of that proceeding.

The allegation in the complaint that since 15 February, 1937, the plaintiffs and the defendants have been in the adverse possession of this land, without further averment, is unusual.

Affirmed.